John McDonald, Respondent, *v.* James Kane, Appellant.

(County Court, Oswego County, October, 1909.)

Attorney and client — The vocation — Admission and nature and tenure of office — Revocation and forfeiture of license — Right to conduct his own cause after suspension — Does not extend to case in which attorney merely has lien.

Where, after an appeal taken from a judgment for plaintiff in Justice's Court and for a new trial, the attorney for plaintiff was suspended from practice, and the plaintiff neglected to appoint another attorney to represent him in the action after defendant's attorney had notified him so to do, and notice of trial was personally served upon the plaintiff and his complaint dismissed upon his default; and it appears, on motion by the suspended attorney to set aside the judgment and open the default, that whatever interest he had in said cause of action was simply an attorney's lien thereon, a preliminary objection to the motion, upon the ground that he had no authority or right to practice or to make said motion and that the court was without jurisdiction to open the default and set aside the judgment after the lapse of a year since the service of a copy thereof upon plaintiff, is well founded, and the motion will be denied, with costs.

Motion to set aside order taken by default at a term of the Oswego County Court, held at the court-house in the village

of Pulaski, March 2, 1908, dismissing the complaint in the above entitled action and the judgment entered thereon March 9, 1908.

Harry M. Stacey for appellant.

W. H. Gardineir, in person, claiming by assignment an interest in said proceedings and cause of action, for respondent.

Rowe, J.    This action was commenced in Justice's Court and a judgment rendered in favor of said plaintiff against the defendant from which the defendant appealed to the County Court for a new trial on the 24th day of August, 1906.

On the 15th day of September, 1906, W. H. Gardineir, then a practicing attorney and counselor at law, appeared in said action as attorney for the respondent. It further appears that, on the 9th day of July, 1907, proceedings were commenced to suspend W. H. Gardineir from practice and that, on the 8th day of January, 1908, an order was made and entered by the Appellate Division of the Fourth Department suspending him from practice; that thereafter and on the 17th day of January, 1908, defendant's attorney personally served upon the plaintiff, John McDonald, a notice requiring him to appoint another attorney in place of said Gardineir, who had thus been suspended, and that said action would proceed without such attorney if such appointment was not made; that the said McDonald neglected to appoint any other attorney to represent him in said action and that, on the 17th day of February, 1908, said action was noticed for trial at said March Term of the County Court at the village of Pulaski, by a notice served personally upon said plaintiff. When said case was reached, the plaintiff failed to appear, either in person or by attorney, and the order now complained of was taken by default.

The defendant raises the preliminary objections that said Gardineir has no interest in said judgment and the plaintiff's cause of action, except as attorney for said plaintiff, and that

43

he has no right to appear and practice in this court and no standing as attorney for the plaintiff in this action; and, further, that the court has no jurisdiction to open the default and set aside said judgment, a year having elapsed since the service of a copy of said judgment upon said plaintiff.

It appears from the moving papers that whatever interest said Gardineir has in said cause of action is the interest and lien which an attorney at law has upon his client's cause of action.

I, therefore, hold that said preliminary objections are well founded and that said Gardineir has no authority or right to practice in this court, or to make said motion; and I further find that the notices served upon said McDonald, personally, after the suspension of said attorney from practice, were regular and that said order dismissing said complaint was properly granted.

An order may be entered denying the motion with costs.

Motion denied with costs.