Action by David Hurwitz against Adam Duzin.  From a judgment for defendant, plaintiff appeals.  Reversed, and new trial ordered.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Louis J. Finkelstein, of New York City (Adolph Cohen, of New York City, of counsel), for appellant.

Joseph Sapinsky, of New York City (Alvin T. Sapinsky, of New York City, of counsel), for respondent.

---

(158 App. Div. 587.)

In re FOURTEENTH ST. IN CITY OF NEW YORK.

Appeal of DICKERSON.

(Supreme Court, Appellate Division, Second Department.  October 24, 1913.)

1. ATTORNEY AND CLIENT (§ 182*)—LIEN—SUBJECT-MATTER.

An attorney, who was retained in proceedings to ascertain the damages to property caused by a change of grade in a street, which is heard before the board of assessors under Greater New York Charter, §§ 951–953 (Laws 1901, c. 466), is not entitled to a lien for his fee upon an award of damages to the same property caused by the opening of a new street which, under Greater New York Charter, §§ 979, 980, as amended by Laws 1906, c. 658, and Laws 1909, c. 394, §§ 2, 3, is heard before the commissioners of estimate and assessment.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 315, 399–406; Dec. Dig. § 182.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. ATTORNEY AND CLIENT (§ 182*)—LIEN—PERSONS ENTITLED.

·An attorney, who is retained by a lot owner to appear in proceedings for the taking or damaging of his property, is not entitled to a lien upon the award, where the owner deeded the property back to his vendor in satisfaction of a purchase-money mortgage, prior to the award, and another attorney represented the new owner thereafter, since Judiciary Law (Laws 1909, c. 35; Consol. Laws 1909, c. 30) § 475, giving the attorney a lien upon his client's claim, does not allow a lien against the claim of another.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 315, 399–406; Dec. Dig. § 182.*]

Appeal from Special Term, Queens County.

In the matter of the application of the City of New York for the opening of Fourteenth Street in the Borough of Queens. Motion by Frank Dickerson for an order to compel payment of an award to which Joseph A. Flannery claimed an attorney's lien·for services rendered. Motion denied, and Dickerson appeals. Reversed,, and motion granted.

Argued before JENKS, P. J., and CARR, RICH, STAPLETON, and PUTNAM, JJ.

Philip B. La Roche, Jr., of New York City, for appellant.
Benjamin Trapnell, of New York City, for respondent.

STAPLETON, J. The appellant moved, under section 1001 of the Greater New York Charter, for an order directing the Comptroller of the City of New York to pay an award of $500 made to him in the above-entitled proceeding. The respondent intervened and claimed an attorney's lien attaching to the award. The respondent obtained the order from which the appeal is taken, the effect of which order was to postpone the payment of the award, concededly the property of the appellant, until the reasonable value of the respondent's services should be ascertained. The order determines that the respondent has a lien upon the award, for services as an attorney, in an amount to be thus ascertained.

The respondent procured from one Ellen Fenton the following written retainer:

Matter of Change of Grade of 14th Street, Flushing.

New York, July 23, 1908.

I hereby retain Joseph A. Flannery attorney to represent me in the above proceedings. For his services I agree to pay and assign to said Flannery, 25 per cent. of whatever award and interest may be recovered for my said damages.

| Block 262 | Name | Ellen Fenton. |
| Lot 9–10 | Address | 89 14th St. |
| | Property | Flushing, L. I. |
| | Witness | Ernest M. Fenton. |

The appellant in his brief gives the following chronological summary, which correctly shows the various facts established by the affidavits with relation to the time of their occurrence:

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

January     12, 1906.   During appellant's ownership of the premises, publica-
                        tion of notice of application for commissioners of es-
                        timate and assessment.
January     24, 1906.   Commissioners appointed.
May         29, 1906.   Order appointing commissioners entered.
July        19, 1906.   First meeting of commissioners.
September   14, 1906.   Commissioners adjourned sine die.
March        1, 1907.   Appellant conveyed premises to Fenton, taking back a
                        purchase-money mortgage for $4,500.
July        23, 1908.   Fenton signed above-written retainer.
December    21, 1908.   Respondent filed a notice of appearance for Fenton.
January     11, 1909.   Commissioners reconvened.
January     14, 1909.   Respondent "received a written report from William
                        M. Dean, real estate broker and appraiser, in respect
                        of the damages sustained by" Fenton.
January     18, 1909.   The attention of the commissioners having been called
                        to the fact that the city intended to modify the grade
                        adopted for this street by conforming the same to the
                        natural surface grade thereof, the commissioners ad-
                        journed sine die to await establishment of the new
                        grade by the municipal authorities.
June        25, 1909.   Reference ordered in proceedings to disbar respondent.
April       11, 1910.   Appellant's attorney writes letter.
March           1911.   Fenton defaulted on payment of interest on appellant's
                        mortgage.
April       10, 1911.   Fenton made, acknowledged, and delivered to appellant,
                        to avoid foreclosure, a full covenant and warranty
                        deed.
May          1, 1911.   Appellant's attorney leaves employ of respondent.
June, 1911 (early part).   Appellant requested his attorney to take charge of
                        his interests in the street opening proceeding.
June         2, 1911.   Amended grade map received by commissioners.
June        15, 1911.   Commissioners reconvened.   Respondent appeared be-
                        fore the commissioners by one Doran, an attorney em-
                        ployed by him, and William M. Dean testified to dam-
                        ages of $1,500 on Fenton's claim.
June        23, 1911.   Appellant signs formal authorization for his attorney
                        to appear for him in the street opening proceeding.
                        Deed Fenton to appellant recorded.   Clerk of com-
                        mission reports receipt of notice of appearance by ap-
                        pellant's attorney for appellant.
June        30, 1911.   Appellant's attorney cross-examines city's witness Allen.
                        Examines witness Henry Rath.
July        11, 1911.   Appellant's attorney cross-examines Allen.
July        17, 1911.   Appellant's attorney proves appellant's title and date of
                        erection of building.
July        20, 1911.   Cross-examination of Allen by appellant's attorney con-
                        tinued.
July        26, 1911.   Appellant's attorney submits memo. and argues in sup-
                        port of appellant's claim before commissioners.
May         17, 1912.   Decision handed down against respondent in disbar-
                        ment proceedings, and report of referee therein con-
                        firmed.
June        25, 1912.   Order disbarring respondent entered.
June        26, 1912.   Preliminary report of commissioners advertised for ob-
                        jections.   Thereafter commissioners hear objections,
                        go into executive session and prepare their final re-
                        port.
November    26, 1912.   Final report of commissioners confirmed.
December    11, 1912.   Respondent files notice of lien with comptroller.
January     13, 1913.   Comptroller ready to pay award to appellant, but re-
                        fuses because of respondent's notice of lien.

[1] Analysis of the facts shows: (1) That the retainer was in a proceeding other than the one in which the award was made and the order granted, and cognizable in a different tribunal. Sections 951–953, 979, 980, c. 17, tit. 4, Greater New York Charter; chapter 658, Laws of 1906, as amended by Laws of 1909, c. 394, §§ 2, 3.

[2] (2) That the relation of attorney and client did not exist between appellant and respondent. None except an attorney can assert a lien. The statute so reads. The relationship is the foundation of the right. An attorney can assert a lien against his client's claim but not against the claim of another. Section 475, Judiciary Law (chapter 35, Laws of 1909; Consol. Laws 1909, c. 30). See Matter of Niagara, L. & O. Power Co., 203 N. Y. 493, 97 N. E. 33, 38 L. R. A. (N. S.) 207, Ann. Cas. 1913B, 234.

As the order cannot survive these objections to its validity, we refrain from adverting to other fatal difficulties in the way of its affirmance which occur to us but which we do not deem it necessary to discuss.

The order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur, except JENKS, P. J., not voting.