Matthew M. Levy, J.
The plaintiffs are wife and husband. The wife was accidentally hurt, allegedly because of the fault of the defendant. She and her husband engaged an attorney on a contingency basis to represent them in the prosecution of their claims against the defendant, and the usual negligence action was instituted — one cause of action for the wife to recover for her personal injuries, and another count in the same complaint 'for the husband to recover for the expense incurred by him in the medical care accorded the wife and for damages for loss of the wife’s services and society resulting from her having been injured. The plaintiffs’ attorney negotiated with the defendant and a settlement of the entire action was arrived at — that is, for both plaintiffs jointly.
The husband finds the settlement acceptable, but the wife definitely objects. She now moves before me to substitute counsel in place of her present attorney, asserting that she is not satisfied with the services rendered by the latter. There is no intimation that there is just cause for discharge. The present attorney recognizes that a client may change counsel, *12 even without cause. However, in the light of the special circumstances of this case, he asks that both plaintiffs be required to join in the substitution and that his fee be fixed prior to or at the time of substitution. -
As to the fixation of the fee, that may either, be ascertained in advance of, or it may await, the final disposition of the action (Buckley v. Surface Transp. Corp., 277 App. Div. 224). The former alternative requires a hearing, for I cannot adequately determine the amount of a fair fee on the papers now before me. An attorney discharged without cause is entitled to be paid (and the client is required to pay) a fixed sum on a quantum meruit basis. The percentage of the contingency retainer will of course be taken into account as one of the factors, but the amount so to be fixed is not, over objection, to be limited — one way or the other — by the amount of the agreed contingency (Matter of Krooks, 257 N. Y. 329). Nor does the client’s refusal to accept a settlement (even though it is reasonably thought by the attorney to be the best obtainable) justify the mandated fixation of the fee on the naked bases of the agreed contingency and the amount of the proposed settlement— for the cause is the client’s and he may refuse a settlement, with or without reason (Matarrese v. Wilson, 202 Misc. 994, 997-998). The discharged attorney in the present case has elected not to await the outcome of the litigation (see Podbielski v. Conrad, 286 App. Div. 1040), and, in the circumstances, the election is not unreasonable. Accordingly, the fixation of the fee here will be held in abeyance pending the report of an official referee, to whom the issue will be referred to hear and report, with his recommendations. In the meanwhile, the substitution will be ordered now, but delivery of the papers in the case will be conditional upon the moving party’s filing an undertaking to secure the payment of the fee and reimbursement of the expenses of the outgoing attorney (Goldman v. Rafel Estates, 269 App. Div. 647).
As to making the substitution presently sought conditional upon the plaintiff husband’s also agreeing to the same substitution, that will not be done. The husband may or may not desire to engage the attorney now selected by the wife, and there should be no more compulsion upon a client to engage any particular lawyer than there is upon the client to continue the relationship with an attorney already engaged. The outgoing attorney is free to apply to the court to be relieved of his representation of the husband upon due notice to him (Judiciary Law, § 475) — and, in the light of the present circumstances, not without reason. For, although the husband’s *13 cause of action is in some aspects quite independent of Ms wife’s (cf. Friedlander v. Boxy Theatre, 204 Misc. 740, affd. ,283 App. Div. 860), it is nonetheless derivative, and the present attorney for the plaintiffs should not be required to continue to represent the husband in the prosecution of Ms comparatively minor claim for medical expense and loss of services and consortium where the wife has another attorney to represent her in the presentation of her major claim for physical injuries. In the event that there is no consensual substitution, it would be an aid in the fair and expeditious disposition of the entire matter if the respondent attorney on this motion were to make such an application prior to the time that the hearing heretofore directed is held by the referee — for thus the fee to be fixed can be determined after the problems of the professional representation of both plaintiffs have been resolved.
Settle order.