Matthew M. Levy, J.
This is an action for a separation. An order was made by this court (Markewich, J.) awarding temporary alimony and counsel fees to the plaintiff wife. Insofar as that order applied to counsel fees it stated: “ The defendant shall pay to the plaintiff as and for a partial counsel fee only, the sum of $1,750, the balance, if any, of such counsel fee to be fixed by the Trial Justice”. The defendant duly delivered, to the plaintiff’s attorney, a check for $1,750, payable to the plaintiff, as directed by the order. As the plaintiff was dissatisfied with the alimony allowance, she refused to indorse the check in her attorney’s possession, discharged him, engaged new counsel and moved for substitution of attorneys and to *956 compel her former attorney to deliver the papers in the action to her present counsel. This court (Epstein, J.) directed a substitution, and ordered that — upon the plaintiff’s indorsement over to the retiring attorney of the $1,750 check in his possession, “ representing payment of counsel fees to date ”— he turn over the file in this matter to the incoming attorneys for the plaintiff. The discharged attorney appealed, and the Appellate Division (2 A D 2d 835) modified the order of substitution “ to the extent of remanding the matter to Special Term to fix the amount of the attorney’s lien upon the basis of the value of the services he had rendered up to the time of his discharge ”. Thereafter, this court (McGivern, J.) determined that the fair and reasonable value of the services rendered and disbursements incurred by the former attorney for the plaintiff until his discharge by her amounted to $2,685.71, in which sum his lien was fixed, and ordered that- — -upon the plaintiff’s indorsement to him of the $1,750 check heretofore referred to and the further payment to him of the sum of $935.71 (making the total $2,685.71) — the papers be turned over to the plaintiff’s present attorneys.
The plaintiff now moves before me for an order directing the defendant to pay this sum of $935.71. The plaintiff’s application is vigorously opposed by her husband. The former attorney has been permitted by me to intervene on this motion. He is neutral as to the source of payment, but payment he insists upon; and he is particularly aggrieved that the plaintiff refuses to indorse the $1,750 check to him (unless he accept that amount in full payment of his lien), and that the defendant refuses to recall that check and execute a new one directly to him. Efforts on my part (made on the argument) to have the parties and the attorneys settle the controversy as to the payment of fees and delivery of the papers were unsuccessful, and, since the cause is shortly to come to trial in this court (Gold, J.), I have been asked to dispose of the pending motion. (Parenthetically, at this point, I suggest perusal of Silverman v. Rogers Imports, 4 Misc 2d 672, and of Grobman v. Freiman, 3 Misc 2d 656.) The briefs of the parties have not cited, and extended research has failed to produce, any case precisely in point. I turn, therefore, to a consideration of the several arguments presented by counsel.
It is elementary that a person has a right to be represented by counsel of his own choice, and that he may change attorneys at any time with or without cause. (Holder v. New York City Tr. Auth., 4 Misc 2d 10.) And that is, of course, as true in a matrimonial action as in any other. In the instant case, the *957 wife did retain her own attorney, and, seemingly, under an agreement whereby he would look to her husband for his fee. In pursuance thereof, and in accordance with the provisions of section 1169 of the Civil Practice Act, the husband was obliged to pay that fee, as fixed by the court. However, the wife here dismissed the attorney without cause and thereby breached the fee contract she made with him, part of which was that he would look to the husband for payment. She may not, it seems to me, breach this contract or rescind it and still seek to have it performed partially to her benefit. Since the attorney was dismissed without cause, he is entitled to look to the wife for his just compensation, and to be paid upon the basis of quantum meruit. He is not required to gamble on the success of the attorney who succeeds him (Matter of Tillman, 259 N. Y. 133, 135), and therefore he need not await what the trial court will do in respect of the proviso in the original order fixing counsel fee pendente lite. The discharged attorney’s full fee has now been fixed by the court and his lien attaches in that amount; he is no longer concerned with his original retainer agreement, and not even with the original order fixing counsel fee.
Up to now, there has not been, as suggested by the plaintiff, a modification of the original award of counsel fee pendente lite. There was never a motion to modify that order throughout all of this litigation — the only matter before the court was a motion to direct a substitution and to fix the former attorney’s lien. “ There was ample power to increase the award, if thereafter it appeared to be inadequate. * # * But until increased, the award was final ” (Turner v. Woolworth, 221 N. Y. 425, 428). And plaintiff seeks an increase now.
While it is not unusual for additional allowances to be made the wife for counsel fees because of added professional labors on appeal (Rodgers v. Rodgers, 124 N. Y. S. 2d 211), the argument that the plaintiff is now entitled to a favorable modification (Civ. Prac. Act, § 1169) of the pendente lite order because of the likelihood of additional services being required as a result of the change of counsel, or because of the definitive fixation of the first attorney’s fee, does not appeal to me. The allowance for counsel fee is awarded the wife for the prosecution of her action or maintenance of her defense — not to the attorney for the wife. The court fixes the counsel fee to be paid by the husband in a matrimonial action, in pursuance of section 1169, on the basis of merits of the wife’s action, probability of success, need, capacity to pay and other circumstances — but not including the potentiality or the actuality of voluntary *958 change of counsel by the wife. It is significant, therefore, to note here that when the counsel fee was initially fixed by the court it was done on the basis of the plaintiff’s allegation that she was without adequate funds to pay her attorney; yet, shortly thereafter she retained substitute attorneys and paid them $3,500, seemingly having sufficient personal resources for that purpose. In the circumstances, she is not, at this time and on this motion, entitled to an additional allowance for counsel fee from the defendant ■ — • whatever may be determined by the trial court as to the balance (if any) of counsel fee required to be paid by him after the presentation of full proof upon the trial in accordance with the reservation in the first order of the court, made on the motion for temporary relief. Suffice it to say that I agree with the thought expressed in Nelson on Divorce and Annulment (2d ed., Vol. 3, p. 216): “ The wife is entitled tó reasonable and adequate legal representation, but not to a shifting galaxy of legal talent at her husband’s expense. ’ ’
The motion is denied.