Matthew M. Levy, J.
The plaintiff had retained an attorney on a contingency basis to prosecute a personal injury action. The attorney proceeded to represent plaintiff, to institute the suit and to engage in the usual procedures preliminary to trial. In due time, a disagreement arose between client and attorney, the nature of which is presently immaterial. The plaintiff moves before me to substitute attorneys, to direct the present attorney to deliver the papers in the matter to the prospective attorney, and to fix the outgoing attorney’s fee.
As the outgoing attorney properly states in his answering affidavit, 1 ‘ the plaintiff has an absolute right to substitute attorneys ”. Accordingly, that phase of the motion is granted (Matarrese v. Wilson, 202 Misc. 994, 997).
The outgoing attorney desires to have a percentage lien on the plaintiff’s proceeds in the action. A lien he shall have, but the amount of the percentage cannot now be equitably determined. Accordingly, so much of the motion as seeks the fixation of the fee of the outgoing attorney should await the conclusion of the action, and should be then determined upon due application (Buckley v. Surface Transp. Corp. of N. Y., 277 App. Div. 224).
But the outgoing attorney says that he has done more than render services to the plaintiff — he has incurred expenses in the action and made personal loans to the plaintiff, and the lien is requested to cover all. Insofar as the attorney’s disbursements are concerned, they are itemized, appear to have been expended in the action and to be proper in amount. Accordingly, the attorney is to have a lien on the proceeds of the action to cover these disbursements, and (in the light of the fact that there is no claim that the attorney was discharged for cause) he is *587 entitled as well to have security for, or payment of, the disbursements incurred by him before he is compelled to turn over the papers in his possession to the incoming attorney (cf. Goldman v. Rafel Estates, 269 App. Div. 647, 650).
But the legal situation, as I conceive it, is entirely different in respect of the claimed personal loans made by the attorney to his client. Such loans do not come within the protective purview of a charging or retaining lien, since they are not a professional service rendered to the client or a disbursement incurred by the attorney in the professional representation of his client (cf. Matter of Sebring, 238 App. Div. 281; Judiciary Law, § 475).
For the same reason, the agreement alleged by the attorney to have been made between him and the client that the loans here involved were to be repaid out of the proceeds recovered by the client in this action does not effectuate a professional lien thereon in the attorney’s favor. Whether there is here an equitable lien (see 2 Williston on Contracts [Rev. ed.], § 429), I need not say. What I hold is that a loan made by the attorney to the client would give rise to a commercial debtor-creditor relationship between them, separate and distinct from the professional relationship upon which an attorney’s lien is based, and that the claim or controversy based upon such a loan cannot be resolved by way of summary motion and must therefore be pressed or determined in the usual way — that is by plenary action, legal or equitable (cf. Matter of Bailey v. Rutherford, 242 N. Y. 220).
The motion by the plaintiff and the requests of the outgoing attorney are disposed of as herein indicated. An order is to be settled hereon on notice to all of the parties. The order should provide, among other things, that the outgoing attorney is to receive due prior written notice of the proposed consummation of any settlement or the prospective payment of any judgment in this action.