Matthew M. Levy, J.
The attorney of record for the plaintiff in a negligence action applies for a direction to counsel retained by him and now discharged to turn over to the movant the complete file in the case. New counsel to conduct the litigation have already been retained by this attorney. I shall assume that the plaintiff (the client) is desirous of changing counsel. I say that because there is no affidavit submitted by the plaintiff personally, and, sometimes, it is the client who asks the attorney of record to engage specific outside counsel; and, if so, the client’s wishes are not to he ignored. Also, the agreement of retainer with, or the arrangements as to compensation of, counsel — past or present — are not submitted by either party. I shall assume the usual situation — that payment of fees was contingent upon the outcome of the litigation. The stated ground of the discharge and of this application is the alleged inattention of the former counsel to the responsibility assumed for the prosecution of the action. The allegation is heatedly denied, and an accusatory finger is pointed at the attorney of record, charging interference and non-co-operation.
*234 The applicable legal principles are well established, albeit they seem, in some respects, to have been overlooked by the present antagonists. I shall make short note of these principles here.
If the dismissal were unjustified by the facts, and is sustainable only upon the basis of the client’s uninhibited right to discharge his attorney (Myers v. Myers, 5 Misc 2d 955, 956), the attorney has a valid lien on the papers in his possession (Antaya v. Majett, 12 Misc 2d 585, 586-587). And he is entitled to be paid, if he so wishes, on a quantum meruit basis, even when his compensation was initially agreed upon to be contingent (Matarrese v. Wilson, 202 Misc. 994). That is so although, usually, the court endeavors, for obvious purposes, to postpone the determination of the amount of an attorney’s professional lien until the conclusion of the action in chief (Buckley v. Surface Transp. Corp., 277 App. Div. 224). On the other hand, if the discharge is justified, the attorney is not entitled to be paid for his services, whether payment is asked for under the contract, by way of a contingent percentage of the ultimate recovery, or upon the basis of quantum meruit. (See Crowley v. Wolf, 281 N. Y. 59, 64-65.) And, of course, absent an obligation on the part of the client to pay, there is no lien upon which the attorney may rely to warrant his retention of the papers (cf. Sorin v. Shahmoon Inds., 20 Misc 2d 149).
The issue as to whether there was, in the case at bar, just cause for discharge cannot be resolved on the present submission and, therefore, the question as to whether the respondents are entitled to a lien must be determined upon a hearing (Holder v. New York City Tr. Auth., 4 Misc 2d 10, 12). If the old and the new counsel cannot arrive at a stipulation disposing of this matter in the light of the foregoing precepts — which, I hold, apply to counsel as well as to attorneys of record — I shall direct a reference to ascertain whether the discharge was justified, what the retainer arrangements were, what were the services rendered, and the value thereof in dollar amount and by way of percentage of prospective recovery.
Settle order accordingly, providing that final decision shall be held in abeyance pending the coming in of the report and recommendations of the Referee.