Samuel Rabin, J.
The plaintiffs, in an action to recover damages for personal injuries, loss of services and medical expenses, respectively, move to substitute their attorney who was suspended from practice by an order of the Appellate Division, Second Department, dated January 16, 1961, until the further order of the court. They also seek a direction that all papers in the possession of their former attorney be delivered to their new attorneys ‘ ‘ upon compliance by the plaintiffs with such provisions as may be contained in the said order ’ ’.
The former attorney for the plaintiffs was retained by the plaintiffs on October 2, 1957, pursuant to an agreement under which he was to receive one half of any amount recovered by way of suit, settlement or otherwise, as compensation for his services. He now seeks reimbursement of the sum of $428.50 out-of-pocket disbursements in connection with this action and a charging lien equal to 25% of the gross recovery as a condition precedent to the order of substitution sought herein.
It is uncontradicted that plaintiffs’ former attorney investigated their claim, caused photographs and statements of witnesses to be taken, conducted an examination before trial and was present at a physical examination. The case was promptly placed on the calendar and there have already been two pretrial conferences, as well as an unsuccessful motion by the plaintiffs for summary judgment. It is thus evident that plaintiffs’ former attorney has performed the major part of the legal services required in this action and that all that remains to be done is the settlement or trial thereof.
*445 Since the former attorney has been suspended from practice, the plaintiffs are entitled, indeed compelled, to substitute him. The question posed is whether he is entitled to an attorney’s lien for the reasonable value of the legal services rendered and out-of-pocket disbursements incurred prior to his suspension, there being no claim of any misconduct in this action which, itself, would destroy such lien.
Plaintiffs? former attorney urges that suspension <£ operates merely to deprive an attorney temporarily of the right to practice his profession ” and, therefore, upon the facts and circumstances here presented, his right to an attorney’s lien in this case has not been destroyed by his suspension from practice, citing McDonald v. Kane (64 Misc. 672, 674). It is, indeed, true that Judge Bows of the Oswego County Court, who decided McDonald in 1909, observed: “It appears from the moving papers that whatever interest said Gardineir [the suspended attorney] has in said cause of action is the interest and lien which an attorney at law has upon his client’s cause of action.” The foregoing, however, was unsupported by any authority or reasoning and was, moreover, unnecessary to the determination that an attorney, suspended from practice, has no authority to move to set aside the dismissal of the complaint of his client, who neglected to appoint another attorney following such suspension.
It is true that suspension from practice is not as serious as disbarment, but during the period of such suspension it may be said that such an attorney is disbarred temporarily and has no greater rights in relation to the particular question here presented than has a disbarred lawyer.
The court’s own research discloses only one reported decision in this State touching upon the right of a disbarred lawyer to recover the reasonable value of legal services claimed to have been rendered prior to his disbarment. (Shabbona Creston Oil & Gas Corp. v. Doherty, 264 App. Div. 909.) That was an action by an assignee of a disbarred lawyer to recover the reasonable value of legal services claimed to have been rendered the defendant under an oral retainer. While the Appellate Division of the First Department reversed the judgment in favor of the plaintiff, it did not dismiss the complaint but ordered a new trial.
It would, accordingly, seem that a disbarred attorney or his assignee may recover the reasonable value of services rendered prior to his disbarment pursuant to a noncontingent retainer. The court is of the opinion that the same rule should apply where the retainer provides for remuneration for legal *446 services rendered conditioned upon recovery. As was observed by the late Chief Justice Vanderbilt of New Jersey in Stein v. Shaw (6 N. J. 525, 527) involving an action by a disbarred lawyer to recover reasonable value for services rendered in a negligence action under a contingent fee contract prior to his disbarment: “ There is no sound reason in law or morals for permitting the defendant to use the plaintiff’s disbarment as an escape from paying him for services rendered or' necessary disbursements made by him in her behalf. * * *
“ If the rule were otherwise, the effect of disciplinary action would inevitably be retroactive, which is not the intent or purpose in imposing discipline. The court, moreover, would never know the extent of such retroactive punishment without an undesirable inquiry as to the extent of the attorney’s pending business and the monetary value thereof.”
Section 475 of the Judiciary Law provides that “ From the commencement of an action, special or other proceeding in any court * # * or the service of an answer containing counterclaim, the attorney who appears for a party has a lien upon his client’s cause of action, claim or counterclaim, which attaches to a verdict, report, determination, decision, judgment or final order in his client’s favor, and the proceeds thereof in whatever hands they may come ”. (Emphasis supplied.) In Matter of Cooper (McCauley) (291 N. Y. 255, 261), the court said: “ The lien of the attorney created by the Judiciary Law springs into being at ‘ the commencement of an action ’ ”.
Thus, in the case at bar, the lien of the plaintiffs’ former attorney for the reasonable value of his services sprang into being from the commencement of the action. It was as an attorney in good standing that he performed the legal services and made necessary disbursements. Just as his subsequent suspension from practice could not strip him retroactively of his property right in those disbursements and the reasonable value of his services, so should it not deprive him of assurance for the payment thereof from plaintiffs’ recovery when and if it becomes available. To deprive him of security for such payment could result in plaintiffs’ unjust enrichment to the extent that a recovery, in quasi contract for services rendered and disbursements made on their behalf, which were unconnected with the disciplinary action, should prove uncollectible.
Matter of Woodworth (85 F. 2d 50) is not to the contrary. The actual holding in that case by the Court of Appeals of the Second Circuit, was that an attorney, who was disbarred after an adjudication as a bankrupt, lost his retaining lien on papers and pleadings in an action prosecuted on a contingent basis and *447 to the immediate payment of the reasonable value of his services and, consequently, his trustee in bankruptcy could not retain the papers demanded by the client and recover for such services before the fund in connection with which they were rendered became available. Said the court, at page 51: “ To deny the trustee’s petition to enforce payment at this time is just, because there was no duty to pay under the contract until the fund recovered was available, and the attorney should not, by his own wrongful act incapacitating himself, be permitted to enforce payment in advance.”
Accordingly, substitution is granted unconditionally. The former attorney for the plaintiffs is directed to turn over to their new attorneys all papers, pleadings and records in his possession or control relating to this action which shall be charged with the necessary reasonable disbursements paid out in connection therewith and the reasonable value of all legal services rendered by him prior to the order suspending him from practice. Since it is impossible, upon the papers now before the court, to determine the value of such services and the amount of disbursements, this court will take testimony on that issue on a date to be agreed upon by the parties, or, at their mutual election, leave that question for disposition when the case has been tried or settled, for at that time a fairer appraisal of the amount and character of the work performed and the contribution of each attorney may be ascertained and the services of each evaluated. (Podbielski v. Conrad, 286 App. Div. 1040; Buckley v. Surface Transp. Corp., 277 App. Div. 224; Reubenbaum v. B. & H. Express, 6 A D 2d 47, 49.)