Matthew M. Levy, J.
This is a motion by the plaintiff to substitute his attorneys of record in this action, to fix the compensation of the old attorney and to compel delivery of the litigation papers to the new attorney. The plaintiff seeks to displace one Goldner and to place one Steinberg in his stead as such attorney.
The motion papers — pro and con — are woefully inadequate. It is impossible on the basis of the present submission to arrive at a complete determination — whether jurisdictional (which is an issue not raised by the parties) or on the merits (the operative factors of which were overlooked or haltingly presented by the parties).
The moving papers assert that the original attorney of record, retained by the plaintiff on a contingency basis, was Goldner. He alone was served with the notice of motion. Goldner denies that he was retained or acted as the attorney of record, but rather that he was trial counsel and that he was so engaged by one Kreisberg, the actual attorney of record for the plaintiff. What the fact is, I cannot tell. None of the original documents has been submitted. The retainer agreement or agreements are *973 conspicuous by their absence. The' litigation papers'" 'are ■ not presented. The appropriate filed papers have not been requisitioned. There is no proof of service of the notice of motion upon TCreisbcrg, and no affidavit signed by him has been submitted by either the proponent or the opponent on this application. Whether the retention of trial counsel by the attorney of record was with the plaintiff’s consent is not stated. Whether, as required (App. Div., First Dept., Rules Regulating Conduct of Attorneys, rule 4, subd. [a]), retainer statements were duly filed — and by whom — is not disclosed.
The plaintiff says in his affidavit that it ‘ ‘ has been brought to [his] attention that Mr. Goldner has been disbarred.” The plaintiff’s new attorney intimates, in his affidavit, that Goldner was “ suspended or disbarred.” Goldner, the respondent on this motion, submits an affidavit asserting an attorney’s lien, but is silent as to whether he was suspended or disbarred. What the fact is cannot be gleaned from the papers submitted to me.
All of the foregoing painful omissions had to be mentioned here because the parties now involved in this controversy have apparently decided to engage in a litigious duel with each other without loading their forensic pistols with the needed ammunition of fact and law. Had they undertaken to enter their encounter after adequate preparation therefor, they would have recognized certain well-established ground rules governing the fray, and they should have noted that there were some areas of the field of combat which needed exploration, at least in this State.
The generally accepted principles of law affecting the issue, simply stated, are as follows:
An attorney’s statutory or charging lien is confined to the attorney of record in the cause; trial counsel is not thus protected (Judiciary Law, § 475; Matter of Sebring, 238 App. Div. 281, 288). However, where professional services are rendered by such trial counsel with the knowledge and consent of the client, the counsel has the right to assert a retaining lien on the papers in his possession (Harding v. Conlon, 146 App. Div. 842, 846-847).
Generally, an attorney acquires a lien only in that action in which he has been engaged under an express or implied contract. ’ Where it appears that counsel was retained by the attorney of record without the consent of the client, the counsel has no lien. The papers remain the property of the client, subject to the valid lien of the attorney of record (Matter of Kitzen, 25 N. Y. S. 2d 738), who thus has both a charging' and retaining lien (Judiciary Law, § 475; Matter of Sebring, supra, pp. 287-288; *974 Robinson v. Rogers, 237 N. Y. 467, 470; Goodrich v. McDonald, 112 N. Y. 157, 162-163). And, since possession is essential to .a retaining • lien, counsel who does not have possession - of the client’s papers cannot assert a retaining lien thereon (Matter of Sebring, supra, p. 285; Robinson v. Rogers, supra, p. 470; Goldman v. Rafel Estates, 269 App. Div. 647, 650).
Whether or not the attorney is of record or of counsel, if he has been disbarred or suspended, his client — now former — is entitled to substitute another. Indeed, that any client may do, without such obvious justification (Antaya v. Majetl, 12 Misc 2d 585, 586; Myers v. Myers, 5 Misc 2d 955, 956; Holder v. New York City Tr. Auth., 4 Misc 2d 10, 11-12; Matarrese v. Wilson, 202 Misc. 994, 997). Disbarment ipso facto destroys an attorney’s retaining lien (Matter of Woodworth, 85 F. 2d 50). And, while “ suspension from practice is not as serious as disbarment, * * * during the period of such suspension it may be said
that such an attorney is disbarred temporarily and has no greater rights in relation to the particular question here presented than has a disbarred lawyer ” (Flecha v. Goodman, 31 Misc 2d 444, 445). Certainly, a suspended attorney cannot carry on the litigation on behalf of his client during the period of suspension. In consequence, the papers in his possession should be surrendered pronto to an attorney of the client’s choice, who would thus be enabled to proceed with the action. It is obvious, therefore, that the suspension of an attorney causes the forfeiture of any retaining lien he may have.
The question remains whether the disbarment or suspension of an attorney of record affects his charging lien. The New York law on this subject does not appear to have been completely clarified. It would seem that if, in Shabbona Creston Oil & Gas Corp. v. Doherty (264 App. Div. 909), the court had thought that a disbarred lawyer had lost his right to recover the reasonable value of legal services rendered by him prior to disbarment, it would have dismissed the complaint therefor, rather than, as it did, order a new trial because of errors committed upon the trial. In Dudar v. Milef Realty Corp. (227 App. Div. 279, 280) the court did not pass on the question, but assumed that a disbarred attorney’s claim to compensation would not be adversely affected by virtue of the fact that “ he was unable to perform [the contract of retainer] because of his own wrongful acts ”. And, in a recent nisi prius decision (Flecha v. Goodman, supra), the learned court — recognizing the paucity, if not absence, of New York authority in this area (pp. 445-446) — quoted with approval the remarks of Chief Justice Vandb/rbilt in Stein v. Shaw (6 N. J. 525, 527):
*975 “ There is no sound reason in law or morals for permitting the defendant to use the plaintiff’s disbarment as an escape from paying him for services rendered or necessary disbursements made by him in her behalf. * * *
‘ ‘ If the rule were otherwise, the effect of disciplinary action would inevitably be retroactive, which is not the intent or purpose in imposing discipline. The court, moreover, would never know the extent of such retroactive punishment without an undesirable inquiry as to the extent of the attorney’s pending-business and the monetary value thereof.”
On the other hand, it is elementary that, if an attorney is justifiably discharged, he is not entitled to recover compensation from his client, either under the contract or upon the basis of quantum meruit (Gonzales v. Hegner, 20 Misc 2d 232, 234). And, it would seem also that, if an attorney has abandoned his client, he has, thereby, under the general principles of contract law, forfeited any claim to compensation (5 Corbin, Contracts, § 1127, pp. 564-570). On the very thesis that an attorney who had been disbarred was in the position of one who had willfully abandoned the contract, it has been held that he could recover nothing (Davenport v. Waggoner, 49 S. D. 592, 596 et seq.).
And, thus, the question of whether disbarment or suspension is so akin to willful abandonment as completely to deprive the attorney of compensation must be determined in the matter now before me. That, it seems to me, cannot be adequately considered unless the factual situation is explicit and complete. Let me suggest some pertinent questions — hypothetical they must be because of the state of the present record. Suppose the attorney’s act, which gave rise to the disciplinary proceedings, pertained to the instant case? Or, perhaps, what the attorney did or did not do, resulting in his suspension or disbarment, was not related to his conduct of the case at bar and was in fact antecedent to his retention therein. Or, let us assume that the attorney’s objectionable conduct, while not related to the present case, was subsequent to his retainer. Another line of inquiry suggests itself: Would it make any difference if the attorney’s disbarment resulted from acts unrelated to the present suit or from conduct passive in nature, such as neglect of the interests of other clients, as distinguished from positive acts of affirmative wrongdoing — is there less a willful abandonment in one case than in the other? Opening up another avenue of thought, would it not make a difference whether the disbarred attorney had substantially pérformed his services in the case prior to the cancellation of his license to practice law?
*976 I have not, of course, exhausted the field of intellectual speculation or of professional .interest, perhaps even of legal consequence. Suffice it to say that the papers presented to me have not touched upon any of these problems, and that I have not been favored with any briefs on the law.
Since, as I have held, a lawyer who has been suspended or disbarred and cannot therefore proceed with the litigation, is not entitled to hold on to documents in his possession and thus thwart the client’s right to be represented by good-standing counsel of his choice, armed with all the papers needed to carry on Ms suit, the motion is granted to the extent that Goldner is directed to deliver to the plaintiff’s new attorney all papers having to do with the instant action — and that is so whether Goldner is the attorney of record or counsel — and, if the former, a substitution is ordered. In other respects, as to whether there is a charging lien, and if so, how and in whose favor it is to be measured, the motion is denied. This denial, however, is without prejudice to renewal upon due service and upon submission of affidavits and documents presenting all the relevant facts. If in fact Kreisberg was retained as attorney of record, he should also he served with the notice of motion, so that the court may have jurisdiction of all of the parties. Full information must he given — as to the arrangements made between client and attorney of record and with trial counsel, the status of the attorneys as counsellors-at-law, the record cause of Goldner’s running afoul of the law licensing him to practice in this State, precise data as to services rendered, the expenditures made and by whom, who has possession of what papers and when obtained, and the present state of the action, and other relevant proof.