Daniel G. Albert, J.
This is an application by the attorneys who were substituted for a disbarred attorney to determine the statutory lien, if any, of the prior attorney, following the settlement of the case. The decisions of the courts in this Judicial Department are in conflict. In Flecha v. Goodman (31 Misc 2d 444) Mr. Justice Rabin held that an attorney who had been suspended had a charging lien for the value of his services, reasoning that to deny him compensation would be to condone unjust enrichment. This case, however, is distinguishable from the instant one in that the disbarred attorney is accused of having-depreciated the value of the client’s case in failing to prosecute the same with diligence.
If a charging lien exists in favor of the disbarred attorney on the proceeds of the settlement, a hearing to determine the amount is required. If not, the disbarred attorney is relegated to recovery on a quantum meruit basis in a plenary action.
This court is of the opinion that the statutory lien of an attorney is conditioned upon his status as an attorney. Lacking such status the lien falls. I am mindful of the dicta expressed in the decision of Mr. Justice Levy in the case of Gary v. Cohen (34 Misc 2d 971) and the thorough manner in which the learned Judge collated all of the cases bearing- thereon. However, I can *866 not disregard the accusation that the amount of the client’s recovery was adversely affected by the conduct of the disbarred attorney.
For the purpose of determining this and all questions relating to the instant application, a hearing will be had.