■ RENEE GREENFIELD, Appellant, v VAN GREENFIELD, Defendant. MOSES & SINGER, L. L. P., Nonparty Respondent. [704 NYS2d 55] —Order, Supreme Court, New York County (Walter Tolub, J.), entered June 11, 1999, which, in a matrimonial action, denied plaintiff's motion to set aside a so-ordered stipulation granting a charging lien in favor of nonparty respondent, a law firm that formerly represented plaintiff in this action, unanimously affirmed, without costs.

Plaintiff contends that her retainer agreement with respondent is invalid under 22 NYCRR 1400.3 (11) because it did not provide that a charging lien could be obtained only upon notice to defendant. The argument is improperly raised for the first time on appeal, and in any event is without merit in that it confuses a charging lien with a security interest. Plaintiff's argument that the so-ordered stipulation granting the charging lien is invalid under 22 NYCRR 1400.5 (a) (2) because notice of respondent's application therefor was not given to defendant is also unpreserved for appellate review. In any event, it is also without merit for the same reason that it confuses a charging lien with a security interest. A security interest requires notice to the other spouse because it may involve property that is marital or otherwise subject to equitable distribution, whereas a charging lien affects only the postjudgment property of the former spouse. Concur—Sullivan, P. J., Ellerin, Lerner and Buckley, JJ.