■ GILBERT LAU, Appellant, v GEORGE L. COOKE, Individually and as Sullivan County Clerk, et al., Respondents. [723 NYS2d 419] —Peters, J. Appeals (1) from an order of the Supreme Court (Meddaugh, J.), entered March 10, 1999 in Sullivan County, which, *inter alia*, imposed costs upon plaintiff, (2) from an order of said court, entered June 7, 1999 in Sullivan County, which denied Posr A. Posr's motion to televise future proceedings in the matter, and (3) from an order of said court, entered June 7, 1999 in Sullivan County, which, *inter alia*, imposed costs against plaintiff as previously determined by a prior order.

In 1997, plaintiff commenced an action challenging the Sullivan County District Attorney's determination not to prosecute Cecilia Castellanos who allegedly stole money from plaintiff by abusing a power of attorney that he had given to her. By decision and order dated May 14, 1997, Supreme Court (Kane, J.) dismissed the action due, in part, to the District Attorney's immunity from suit and plaintiff's failure to serve a notice of claim in compliance with General Municipal Law § 50-e. The order was never appealed.*

Plaintiff thereafter commenced the instant action against

---

* Plaintiff unsuccessfully sought an appeal of the denial of his motion for reconsideration (*see, Lau v Sullivan County Dist. Attorney Stephen F. Lungen*, 264 AD2d 912, *lv dismissed* 95 NY2d 825, *cert denied* 531 US 1082).

both the County of Sullivan and its Clerk, George L. Cooke, alleging that Cooke mishandled the notice of claim which resulted in the dismissal of plaintiff's previous action. In response to the numerous motions propounded by plaintiff and a motion to dismiss by defendants, Supreme Court held, in a decision and order entered in February 1999, that the dismissal of the previous action was based on the merits and not upon any alleged mishandling of the notice of claim. After denying plaintiff's application for poor person status upon the erroneous belief that no filing fee was necessary to pursue an appeal, the court, upon finding that plaintiff was filing frivolous motions, awarded a bill of costs to defendants. In an amended order entered March 10, 1999, the court acknowledged its error with respect to the filing fee but again denied plaintiff's application for poor person status upon learning of our previous denial of the application. With plaintiff having failed to notify the court of our prior denial, it reconsidered the County's request for sanctions and costs. A hearing yielded an order entered June 7, 1999 wherein the court declined to award sanctions, but reaffirmed its decision to award the bill of costs. Plaintiff appeals the two orders.

Without addressing plaintiff's circuitous reasoning challenging the award of costs first imposed by the February 1999 order, amended by the March 10, 1999 order and ultimately renewed by the order entered June 7, 1999, we find that he is not aggrieved and, because no award of costs was ever filed by defendants, the issue of costs is moot (*see, Matter of Perez v Goord*, 279 AD2d 917).

As to the merits underlying the dismissal of the instant action, plaintiff's failure to appeal the February 1999 order should preclude further review (*see,* CPLR 5515 [1]). However, considering the issuance of the amended order entered March 10, 1999 which iterated new grounds for the denial of the application for poor person status, triggering the court, *sua sponte*, to reconsider the County's request for sanctions, we will review the merits since this was the order from which plaintiff, acting *pro se*, did appeal.

The dismissal of the instant action as frivolous was proper. The prior dismissal was premised upon the District Attorney's absolute immunity from suit (*see, Johnson v Town of Colonie*, 102 AD2d 925, 926; *Schanbarger v Kellogg*, 35 AD2d 902, 902-903, *appeal dismissed* 29 NY2d 649, *lv denied* 29 NY2d 485, *cert denied* 405 US 919) and, as Supreme Court properly concluded, plaintiff would have been unable to demonstrate that defendants proximately caused the prior dismissal or that

he sustained any damages therefrom (*see generally*, *Peresluha v City of New York*, 60 AD2d 226, 230).

We also find plaintiff's attempt to appeal an additional order entered June 7, 1999, which denied a motion by Posr A. Posr, on behalf of a news agency, to televise future proceedings in the matter, is wholly without merit. Plaintiff is not an aggrieved party and, therefore, is not entitled to pursue the appeal from that order (*see*, CPLR 5511). All remaining contentions have been examined and found to be without merit.

Mercure, J. P., Spain, Carpinello and Rose, JJ., concur. Ordered that the orders entered March 10, 1999 and June 7, 1999 are affirmed, without costs. Ordered that the appeal from the order entered June 7, 1999 denying Posr A. Posr's motion to televise future proceedings is dismissed, without costs.