■ ALISON C. NATOLE, Respondent, v RAYMOND A. NATOLE et al., Defendants. SATZ AND KIRSHON P.C., Appellant. [744 NYS2d

227] —Mugglin, J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered December 6, 2000 in Ulster County, upon a decision of the court in favor of plaintiff.

During their marriage, plaintiff and defendant Raymond A. Natole (hereinafter defendant) owned and operated defendant Alray Two-Way Radio, Inc. (hereinafter the corporation). Plaintiff commenced two actions, one for divorce and another against defendant and the corporation seeking compensation for actions improperly taken by defendant. Satz and Kirshon P.C. (hereinafter the law firm) represented defendant in the matrimonial action but not the corporate action. Supreme Court subsequently joined the actions for trial. The matrimonial action was settled by stipulations dated June 17, 1998 and July 7, 1998, which were incorporated but not merged into the divorce decree, which was dated November 27, 2000 and entered December 6, 2000.

In accordance with these stipulations, the marital residence was sold and the net proceeds of $60,769.30 were held in escrow by plaintiff's attorneys. Supreme Court also approved a sale of a portion of the corporate assets to Nextel for $350,000, approximately $30,000 of which was paid to creditors of the corporation, $100,000 was paid to both plaintiff and defendant, and the balance of $120,761.45 was also held in escrow by plaintiff's counsel. Notably, this stipulation also provided for the sale of the balance of the assets of the corporation or its stock and a division of the proceeds thereof subject, however, to the proviso that "there will be an adjustment out of the sale proceeds in order to insure that there has been an equal division of the funds realized from the sale, and in order to insure that there has been no improper payments by or to either party." Following the October 2000 trial of the corporate action, Supreme Court determined that defendant had, inter alia, breached his fiduciary duty and improperly diverted assets from the parties' corporation and awarded plaintiff judgment in the amount of $126,023.96. This judgment was dated and entered December 6, 2000 and is the only judgment (as set forth in the notice of appeal) from which an appeal has been taken by the law firm.

The law firm gave notice to plaintiff and her counsel, and defendant and his corporate counsel, of its claimed charging lien (*see*, Judiciary Law § 475) against the proceeds held in escrow, alleging that it had not been paid in full by defendant for its representation of him in the matrimonial action. Plaintiff's counsel duly notified Supreme Court of the claimed lien. Nevertheless, Supreme Court, without notice to the law firm, au-

thorized and directed plaintiff's counsel to disburse the entire escrow fund of $181,530.75 to plaintiff in its December 6, 2000 order. The order directed that plaintiff enter judgment for $126,023.96, but that defendant's share of the sale to Nextel ($60,380.73) and defendant's share in the home proceeds ($36,384.65) be credited against the judgment, leaving a balance due of $29,258.58.

On this appeal, the law firm asserts that, in net effect, Supreme Court discharged its charging lien without notice to it and without a hearing, and Supreme Court erred when it purported to absolve plaintiff's counsel of liability for disbursing all the funds in the escrow account without regard to the law firm's lien.

Plaintiff first asserts that this appeal should be dismissed because the law firm lacks standing and is not aggrieved by the judgment appealed from. Plaintiff correctly argues that the judgment dated and entered December 6, 2000 pertains to the corporate trial in which the law firm did not represent defendant and, therefore, it cannot assert an attorney's charging lien (*see, Matter of City of New York [14th St.],* 158 App Div 587, 590; *Goldstein v Bologna,* 39 Misc 2d 865). Moreover, plaintiff is correct that the law firm is not aggrieved with respect to this judgment and cannot pursue an appeal from it (*see,* CPLR 5511; *Lau v Cooke,* 282 AD2d 887, 889, *lv denied* 96 NY2d 719).

The law firm's charging lien, if any, could only be asserted in the matrimonial action where it did appear as defendant's counsel. It is aggrieved, if at all, by the *order* dated December 6, 2000, pursuant to which the escrow funds were paid to plaintiff. Nevertheless, even were we to deem that this appeal has been taken from the proper judgment or order (*see,* CPLR 5512 [a]), we would find no lien exists.

Pursuant to Judiciary Law § 475, counsel for a defendant who serves an answer containing a counterclaim has a lien upon his client's cause of action which attaches to a determination in his client's favor, "and the proceeds thereof." Such a charging lien affects only the postjudgment property of the client (*see, Greenfield v Greenfield,* 270 AD2d 57) and " 'attaches [only] to a determination in the client's favor *and to the resulting proceeds'* " (*Surdam v Marine Midland Bank,* 198 AD2d 578, 579, quoting *Oppenheim v Pemberton,* 164 AD2d 430, 433 [emphasis omitted]). The result of the matrimonial stipulation making the corporate sale subject to adjustment, when coupled with Supreme Court's determination of defendant's dishonest conduct in corporate affairs (i.e., the wasteful dissipation of a

marital asset), was a judgment in plaintiff's favor which could not be fully satisfied from defendant's interest in the proceeds from other marital assets being held in escrow. In sum, the law firm, therefore, recovered no proceeds for defendant as a result of the matrimonial action, so there is nothing to which the lien may attach. This conclusion renders entirely academic the law firm's other claim that, through collusion, the parties secretly paid out the proceeds to subvert its lien.

Mercure, J.P., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the appeal is dismissed, with costs.