█ ESTHER YORK, Appellant, v JOSEPH YORK, Defendant. JAY LANDA, Nonparty Respondent. [870 NYS2d 462]—

The pertinent facts and procedural history of this case are described in our decision in a companion appeal (*see York v Landa*, 57 AD3d 980 [2008] [decided herewith]).

The plaintiff contends that her former attorney, the nonparty Jay Landa, should have been precluded from enforcing his charging lien because he failed to satisfy the prerequisites for "obtain[ing] a security interest to secure his . . . fee" set forth in 22 NYCRR 1400.5 (a). Although a charging lien has been described, in general terms, as "a security interest in the favorable result of litigation" (*Chadbourne & Parke, LLP v AB Recur Finans*, 18 AD3d 222, 223 [2005]), a charging lien does not constitute a "security interest" for the specific purposes of 22 NYCRR 1400.5 (a) (*see Greenfield v Greenfield*, 270 AD2d 57 [2000]). Thus, the requirements of 22 NYCRR 1400.5 (a) do not apply when an attorney is seeking to enforce a charging lien.

Contrary to the plaintiff's contention, there was no ambiguity in her written agreement with Landa dated November 25, 2002, which settled a dispute over the legal fees she owed Landa. There is no basis for the plaintiff's characterization of that agreement as a subsequent retainer agreement "requiring J. Landa to perform certain legal duties and not to be paid until

those duties had been performed." The agreement did not require Landa to perform any further services, and thus, contrary to the plaintiff's additional contention, Landa did not breach the agreement by failing to perform additional services or by subsequently discontinuing his representation of the plaintiff.

The plaintiff further contends that Landa violated 22 NYCRR 1400.2, which requires attorneys to "provide a prospective client with a statement of client's rights and responsibilities . . . prior to the signing of a written retainer agreement." Although Landa provided the plaintiff with a statement of client's rights and responsibilities at the time she signed the retainer agreement between them, the plaintiff asserts that she received no such statement from Landa when she executed the November 2002 agreement. The plaintiff's contention is without merit. Since, contrary to the plaintiff's characterization, the November 2002 agreement was not a retainer agreement, 22 NYCRR 1400.2 did not apply.

The portion of the order appealed from which directed that a money judgment be entered in favor of Landa and against the plaintiff properly provided for an award of interest (*see* CPLR 5001 [a]; *Ash & Miller v Freedman,* 114 AD2d 823 [1985]).

The plaintiff's remaining contentions are without merit. Prudenti, P.J., Dillon, Eng and Leventhal, JJ., concur.