■ FICUS INVESTMENTS, INC., et al., Respondents, v PRIVATE CAPITAL MANAGEMENT, LLC, et al., Defendants, and THOMAS B. DONOVAN, Appellant. SCHLAM STONE & DOLAN LLP, Nonparty Appellant. (And Other Actions.) FICUS INVESTMENT, INC., Plaintiff, and PRIVATE CAPITAL GROUP, LLC, Appellant, v THOMAS B. DONOVAN, Respondent, et al., Defendants. (And Other Actions.) [882 NYS2d 404]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered February 3, 2009, which, to the extent appealed from as limited by the briefs, confirmed that part of a referee's report that found reasonable the amount of $1,541.999.08 in legal fees to be advanced by plaintiff Private Capital Group, LLC, on behalf of defendant Thomas B. Donovan, modified the report to require plaintiff to submit payment to Schlam Stone and Dolan LLP, counsel to Donovan, and directed Schlam Stone and Dolan, upon receipt of such payment, to pay Curtis, Mallet-Prevost, Colt & Mosle LLP its unpaid fees for legal services rendered to Donovan, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered January 26, 2009, unanimously dismissed, without costs, as superseded by the appeal from the February 3, 2009 order. Orders, same court and Justice, entered February 5, 2009 and February 24, 2009, insofar as they directed Schlam Stone to pay Curtis its unpaid fees, unanimously affirmed, without costs.

The referee's recommendation that no allocation of legal fees and expenses billed by three law firms that represented Donovan was required because the firms also represented other defendants who either were not entitled to advancement of legal fees and expenses or did not seek such advancement prior to

settling was an equitable resolution of the issue, fully supported by the evidentiary record, and consistent with the purpose of advancing legal fees (*see Ficus Invs., Inc. v Private Capital Mgt., LLC*, 61 AD3d 1, 9 [2009]; *Fasciana v Electronic Data Sys. Corp.*, 829 A2d 160, 177 [Del Ch 2003]; *cf. Schoon v Troy Corp.*, 948 A2d 1157, 1171 [Del Ch 2008] [requiring pro rata allocation of advancement made to jointly represented officer]). The invoices had been reduced, pursuant to stipulation, to eliminate expenses either attributable to other defendants or not incurred because of Donovan's having been an officer of the company. The evidence was uncontroverted that the remaining expenses reflected legal work that was performed by the three law firms for Donovan's benefit and would have been performed regardless whether the firms also represented the other defendants.

Schlam Stone's assertion of a charging lien with respect to the advanced legal fees was correctly rejected, since the advancement to Donovan is not made pursuant to a final determination that he is entitled to indemnification from plaintiff (Judiciary Law § 475; *see Schneider, Kleinick, Weitz, Damashek & Shoot v City of New York*, 302 AD2d 183, 187-188 [2002]; *Natole v Natole*, 295 AD2d 706 [2002]), but only represents a "credit," which he may be required to repay in the event he is ultimately unsuccessful in the defense of the lawsuit (*see Ficus*, 61 AD3d at 10; *Fasciana*, 829 A2d at 175). Concur—Mazzarelli, J.P., Andrias, Nardelli, DeGrasse and Abdus-Salaam, JJ.