■ Ficus Investments, Inc., et al., Respondents, v Private Capital Management, LLC, et al., Defendants, and Thomas B. Donovan, Appellant. [900 NYS2d 5]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered November 18, 2009 which denied defendant-appellant Donovan's motion pursuant to CPLR 5001 and 5003 for prejudgment and postjudgment interest on the principal sum of $1,541,999.08, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered September 4, 2009, unanimously dismissed, without costs, as superseded by the appeal from the November 18, 2009 order.

In the context of an action commenced by plaintiffs against Donovan, among others, for, inter alia, breach of fiduciary duty, conversion and unjust enrichment, and in which Donovan asserted similar counterclaims, Donovan demanded, pursuant to the terms of the governing operating agreement, that plaintiffs comply with their contractual obligations under section 3.4.3 and advance and reimburse him for the expenses he had incurred in defending the action. Five days after making the

demand, Donovan also moved in court, as was permitted by the terms of the operating agreement, for an order awarding him an advancement of expenses. The court ultimately determined, and this Court affirmed on appeal (*see Ficus Invs., Inc. v Private Capital Mgt., LLC*, 61 AD3d 1 [2009]; *Ficus Invs., Inc. v Private Capital Mgt., LLC*, 63 AD3d 611 [2009]), that Donovan was entitled to an advancement of expenses in the amount of $1,541,999.08. There has been no finding in these proceedings that plaintiffs breached the operating agreement by challenging Donovan's demand for an advancement of expenses, based upon their reading of the operating agreement that such advancement was tied to the issue of whether Donovan would ultimately be entitled to indemnification under the agreement. Rather, the court interpreted the parties' agreement and found that Donovan was entitled to an advancement of expenses prior to disposition of the action. The issue was before the court solely by virtue of the terms of the operating agreement, and not in the context of a breach of contract action. Since the sum was not awarded because of breach of a contract, Donovan is not entitled to prejudgment interest pursuant to CPLR 5001. Nor is Donovan entitled to postjudgment interest pursuant to CPLR 5003, since no money judgment was entered against plaintiffs. Concur—Saxe, J.P., Catterson, Moskowitz, Freedman and Román, JJ.