■ TMR Bayhead Securities, LLC, et al., Respondents, v Aegis Texas Venture Fund II, LP, et al., Appellants. [977 NYS2d 1]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered May 30, 2012, which, inter alia, granted plaintiffs TMR Bayhead Securities LLC and Todd Roberts's motion to compel defendants (fund entities) to reimburse and advance legal fees and costs incurred on behalf of Roberts in defending against a suit commenced by, inter alia, the fund entities, unanimously affirmed, with costs.

The motion court properly granted Roberts' request for advancement of fees. Contrary to the fund entities' contentions, the requested fees were not excessive or unreasonable, and Roberts's counsel submitted detailed documentation to substantiate those fees. Roberts's counsel's representation that the work done during the relevant time period would not have been any less had Bayhead, wholly owned by Roberts, not been named as a defendant, sufficed for the court to conclude that a portion of legal fees need not be allocated to Bayhead for this time period (*Ficus Invs., Inc. v Private Capital Mgt., LLC*, 63 AD3d 611, 612 [1st Dept 2009]). Pursuant to the applicable laws governing the agreements regarding advancement of legal fees, Roberts was entitled to advancement of costs to cover his counterclaims, which largely arise from the same facts as the fund entities' claims against him in the companion action (*see Duthie v CorSolutions Med., Inc.*, 2009 WL 1743650, *2-3, 2009 Del Ch LEXIS 112, *4-10 [June 16, 2009, No. 3048-VCN]; *Zaman v Amedeo Holdings, Inc.*, 2008 WL 2168397, *34-35, 2008 Del Ch LEXIS 60, *114-124 [May 23, 2008, No. 3115-VCS]).

The fund entities' argument as to the motion court's denial of their motion to renew is not properly before this Court, since the fund entities have not yet filed a notice of appeal from that order (*see Weinstein v Gindi*, 92 AD3d 526, 528 [1st Dept 2012]), and their arguments refer to matters outside the scope of the appellate record that were not before the motion court when it decided the order on appeal (*see Matter of Kent v Kent*, 29 AD3d 123, 130 [1st Dept 2006]; *Hecht v City of New York*, 60 NY2d 57, 61-62 [1983]). Concur—Tom, J.P., Mazzarelli, Freedman, Richter and Feinman, JJ.