■ JONATHAN D. RESNICK, Plaintiff, v SUSAN RESNICK, Respondent. KAREN E. BLAUSTEIN, ESQ., Nonparty Appellant. [806 NYS2d 200]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered December 6, 2004, which, in an action for divorce, "granted" the motion of defendant's former attorney (appellant) to enforce a stipulation fixing her charging lien to the

extent of directing a hearing on the issue of the reasonableness of her fees and directing defendant to place the amount so fixed, $29,690.25, in an interest-bearing account pending further order of the court, unanimously reversed, on the law, with costs, appellant's motion to enforce the stipulation against defendant and appellant's successor (respondent) granted, defendant and respondent directed to pay appellant $29,690.25 immediately, and the matter remanded for a determination of appellant's fee on a fee and statutory interest.

The subject stipulation, signed by defendant, appellant and respondent a month after defendant discharged appellant, provides that appellant "has and claims a [charging] lien in the sum of $29,690.25 . . . [which] shall be binding upon defendant [and] her current . . . counsel." The underlying divorce action was settled, resulting in an equitable distribution to defendant and an award of legal fees to respondent. Appellant requested payment of the $29,690.25, but defendant and respondent refused, raising for the first time an issue as to the reasonableness of appellant's fees. The motion court ordered a hearing on that issue, and directed that defendant deposit the $29,690.25 into an interest-bearing escrow pending the hearing; in effect holding that the stipulation did not constitute an agreement on the amount of appellant's lien, but merely provided a mechanism for setting aside the maximum amount that could be awarded. This was error. Under Judiciary Law § 475, a charging lien automatically comes into existence, without notice or filing, upon commencement of the action, and is measured by the reasonable value of the attorney's services in the action, unless fixed by agreement (see LMWT Realty Corp. v Davis Agency, 85 NY2d 462, 467 [1995]; Butler, Fitzgerald & Potter v Gelmin, 235 AD2d 218, 219 [1997]). Accordingly, the stipulation, if it is to have meaning and effect, could only have been executed for the purpose of fixing the amount of the lien. The challenge to the reasonableness of appellant's fee, first raised in opposition to appellant's motion, and then in the claim of discharge for cause which was first raised on appeal, is a belated, unconvincing attempt to circumvent the clear language and manifest purpose of the stipulation. Concur—Tom, J.P., Marlow, Ellerin, Sweeny and Catterson, JJ.