ESTHER YORK, Respondent, v JAY LANDA, Appellant. [870 NYS2d 459]—

The defendant, who represented the plaintiff in a matrimonial matter, claimed that, as of November 2002, the plaintiff owed him $167,000 in legal fees, a claim which the plaintiff disputed. In a written agreement dated November 25, 2002 the parties stipulated that the plaintiff would pay the defendant $75,000 in full satisfaction of all outstanding legal fees. The agreement provided, inter alia, that the plaintiff is "obligated to pay [the defendant] $75,000, regardless of the outcome of the litigation," and that the defendant "ha[s] a statutory charging lien in the agreed sum of $75,000 for services rendered to date on the proceeds of the money judgments against [the plaintiff's] husband that [the defendant is] seeking to collect."

Approximately one year later, having allegedly received no payment under the settlement agreement, the defendant made a motion in the underlying matrimonial action, which he styled as a motion for an order determining that he had a statutory charging lien in the amount of $75,000 and directing the entry of a money judgment against the plaintiff in that amount. After a hearing, the Supreme Court issued an order entered March 23, 2007 determining that the defendant had a statutory charging lien in the amount of $75,000 on the proceeds of the money judgments previously entered in the underlying action, and directing the County Clerk to enter a money judgment in favor of the defendant and against the plaintiff in the amount of $75,000, plus interest.

Meanwhile, the plaintiff commenced the instant legal malpractice action against the defendant, alleging specific omissions and deficiencies in the defendant's representation of her. The defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (5), on the ground that the Supreme Court had determined in the underlying action that he was entitled to an award of an attorney's fee, thereby necessarily deciding that he had not committed legal malpractice, and thus the plaintiff's action against him was barred by the doctrine of collateral estoppel. The defendant now appeals from an order of the Supreme Court denying his motion to dismiss the complaint.

The doctrine of collateral estoppel "bars relitigation of an issue 'which *has necessarily been decided* in [a] prior action and is decisive of the present action' if there has been 'a full and fair opportunity to contest the decision now said to be controlling' " (*Tydings v Greenfield, Stein & Senior, LLP,* 11 NY3d 195, 199 [2008], quoting *Buechel v Bain,* 97 NY2d 295, 303-304 [2001] [emphasis added]). Pursuant to this doctrine, a legal malpractice action generally will be barred by the defendant's "successful prosecution of a prior action to recover fees for the same

legal services which the [plaintiff] presently allege[s] were negligently performed" (*Pirog v Ingber,* 203 AD2d 348, 348-349 [1994]; *see Blair v Bartlett,* 75 NY 150 [1878]; *Altamore v Friedman,* 193 AD2d 240, 244-248 [1993]).

Here, in support of his motion to dismiss the complaint, the defendant failed to establish that the services for which he secured payment through the November 2002 settlement agreement with the plaintiff were "the same legal services" as those which are the subject of the instant legal malpractice action (*Pirog v Ingber,* 203 AD2d at 348; *see Blair v Bartlett,* 75 NY at 154 [medical malpractice action barred where defendant physician's complaint in prior action to collect payment for his services involved "the same services which are set forth in the complaint in the action now before us, as the malpractice sued for"]).

Moreover, only those facts which "must have been proved" by the defendant in the underlying matrimonial action can be deemed to have been necessarily decided in that action (*Blair v Bartlett,* 75 NY 150, 154 [1878]). Regardless of how the defendant's motion in the underlying action was denominated, the true nature of the relief sought in that motion was not payment for services rendered to the plaintiff, but the enforcement of the November 2002 settlement agreement, which fixed the amount owed to the defendant at $75,000. Thus, in procuring the order dated March 13, 2007 the defendant was not required to prove that he performed legal services for the plaintiff, or that those services were worth $75,000 (*see Resnick v Resnick,* 24 AD3d 238 [2005]; *cf. Chisholm-Ryder Co. v Sommer & Sommer,* 78 AD2d 143, 145-146 [1980]). Rather, the only issue actually before the court was whether the defendant and the plaintiff had entered into a valid, enforceable agreement requiring the plaintiff to pay the defendant $75,000.

Thus, the issue of whether the defendant committed legal malpractice was not necessarily decided in the underlying action, and the plaintiff is not precluded from raising that issue in the instant action. Accordingly, the Supreme Court properly denied the defendant's motion to dismiss the complaint as barred by collateral estoppel. Prudenti, P.J., Dillon, Eng and Leventhal, JJ., concur.