■ X. Fan, Appellant-Respondent, v Andrew E. Sabin, Respondent-Appellant. [4 NYS3d 164]—

Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered March 26, 2013, which, to the extent appealed

from as limited by the briefs, upon converting defendant's motion for summary judgment dismissing the complaint to a motion to dismiss the complaint pursuant to CPLR 3211, granted the motion, and denied so much of plaintiff's counsel's motion to be relieved as sought a stay of proceedings, unanimously reversed, on the law, without costs, defendant's motion denied, and the stay granted. Order, same court and Justice, entered October 10, 2013, which denied plaintiff's motion to renew, and denied defendant's motion for sanctions, unanimously affirmed as to the denial of defendant's motion, and the appeal therefrom otherwise dismissed, without costs, as academic.

Plaintiff Fan and defendant Sabin became acquainted in late 2009 and began a romantic relationship that would continue until October 2011. Shortly thereafter, Fan sued Sabin for negligence, fraudulent representation, and fraud by concealment. By order to show cause, Sabin moved for an order granting summary judgment pursuant to CPLR 3212, and sanctions in the amount of $10,000. Fan's counsel cross moved to be relieved as counsel and for an order staying the action for 30 days so that Fan could retain new counsel.

When the parties appeared for oral argument on March 20, 2013, the motion court began by stating, "I reviewed the papers in this case, and I find that the defendant has made [his] prima facie case of showing that this action has no merit, and so I grant the motion to dismiss the action." Fan's counsel argued that "to protect the record for myself and Ms. Fan," defendant's motion, made simultaneously with joinder of issue, was really a motion pursuant to CPLR 3211, and that the court would need to accept Fan's pleadings as true. In response, the court determined that, under its authority to correct mistakes and defects where they did not affect the substantial right of a party, it would convert the motion to one under CPLR 3211 (a) (1) and dismiss the action. Regarding any further substantive argument, the court stopped plaintiff's counsel, stating, "You did not put in opposition to this motion, so now you cannot stand up here, counsel, on the motion return date and start making an argument." The court agreed, however, to grant the cross motion to be relieved. By short form order signed on the date of oral argument, the court granted Sabin's motion "for dismissal of the summons and complaint" because he had "shown entitlement" to such relief. The court also granted the cross motion of Fan's counsel seeking to be relieved.

We now reverse. When the court granted plaintiff's counsel's motion for leave to withdraw, further proceedings against plaintiff were stayed, by operation of CPLR 321 (c), until 30

days after notice to appoint another attorney had been served upon her (*Leonard Johnson & Sons Enters. v Brighton Commons Partnership*, 171 AD2d 1059 [4th Dept 1991], *lv dismissed* 77 NY2d 990 [1991]; *see Blondell v Malone*, 91 AD2d 1201, 1202 [4th Dept 1983]). While the stay was in effect, the court had no power to decide defendant's motion for summary judgment dismissing the complaint. To be sure, the court should not have entertained a CPLR 3212 summary judgment motion, sua sponte converted it to a CPLR 3211 (a) (1) motion, and then prevented plaintiff's counsel from making arguments in opposition, leaving plaintiff without counsel to fend for herself.

We reject defendant's argument that plaintiff was not entitled to the statutory stay because counsel's desire to withdraw was due to her disagreements with him over strategy and was therefore her fault. Fan's counsel's ill-advised publishing of his grievances with his client does not evidence the type of "fault" justifying a lack of a stay (*compare RDLF Fin. Servs., LLC v Bernstein*, 93 AD3d 421 [1st Dept 2012] [no automatic stay where the defendant attorney, representing himself and his firm, was disbarred]; *Sarlo-Pinzur v Pinzur*, 59 AD3d 607 [2d Dept 2009] [no automatic stay where husband failed to cooperate with his counsel]).

Furthermore, there is no evidence that Fan was voluntarily discharging or consenting to the discharge of her attorney (*compare Shurka v Shurka*, 100 AD3d 566 [1st Dept 2012] [no stay where there is a voluntary discharge]). Sabin's argument that Fan was never truly unrepresented is disingenuous at best, particularly since her outgoing counsel moved to be removed without filing any other papers, leaving Fan facing an unopposed dismissal motion.

Last, it should be noted that although CPLR 321 (c) provides that the action may continue with leave of court, the statutory provision for court leave was designed to allow an action to continue "in cases where the stay of proceedings would produce undue hardship to the opposing party, as where the time to take an appeal or other action would run or where a provisional remedy is sought and speed is essential," circumstances not present in this case (*Moray v Koven & Krause, Esqs.*, 15 NY3d 384, 390 [2010] [internal quotation marks omitted]).

In light of the foregoing, there is no basis for sanctioning plaintiff. Concur—Mazzarelli, J.P., Acosta, Saxe, Clark and Kapnick, JJ.