■ Efrain Matos, Appellant, v City of New York, Respondent. [8 NYS3d 52]—

Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered November 20, 2013, which denied plaintiff's motion to vacate orders, same court and Justice, entered April 10, 2013 and July 29, 2013, granting defendant's motion for summary judgment dismissing the complaint on default, unanimously reversed, on the law, without costs, the motion to vacate the orders granted, and the matter remanded for further proceedings in accordance herewith. Appeal from order, same court and Justice, entered December 17, 2012, unanimously dismissed, without costs, as academic.

While defendant's motion for summary judgment was pending, plaintiff's counsel moved to withdraw as counsel. In December 2012, the motion court granted counsel's application and ordered the case stayed "for 45 days from the date of service of a copy of this order." However, plaintiff was not served with the order, and, in April 2013, defendant's motion for summary judgment was heard and granted in his absence. The April 23, 2013 order granting the motion on default directed defendant to settle an order, which order was entered July 29, 2013. Plaintiff then obtained new counsel and moved to vacate these two orders on the ground that the grant of summary judgment while the action was stayed was a nullity.

Plaintiff is correct. After his former counsel was granted leave to withdraw, the action was stayed by court order and operation of CPLR 321 (c) (*Fan v Sabin*, 125 AD3d 498 [1st

Dept 2015]). Because plaintiff was never served with the order dismissing his attorney, the 45-day stay never expired. Defendant cannot avoid the stay by arguing that it did not go into effect until served on plaintiff, since the failure to serve the order cannot accrue to defendant's benefit. Concur—Sweeny, J.P., Renwick, Andrias, DeGrasse and Gische, JJ.