**Carmichael v Hillview Owners Corp.**

2024 NY Slip Op 30765(U)

March 11, 2024

Supreme Court, New York County

Docket Number: Index No. 152936/2021

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

## SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:  HON. MARY V. ROSADO

*Justice*

-----------------------------------------------------------------------X

NORA CARMICHAEL,

                        Plaintiff,

- v -

HILLVIEW OWNERS CORP., MIDBORO MANAGEMENT, LLC, JOHN BLAHNIK, TERRI THRASH, ELITE H. RENOVATION, LLC, BUILDINWOOD LLC,

                        Defendant.

-----------------------------------------------------------------------X

HILLVIEW OWNERS CORP., MIDBORO MANAGEMENT, LLC, TERRI THRASH

                        Plaintiff,

-against-

BUILDINWOOD LLC

                        Defendant.

-----------------------------------------------------------------------X

| | |
|---|---|
| PART | 33M |
| INDEX NO. | 152936/2021 |
| MOTION DATE | 07/14/2023 |
| MOTION SEQ. NO. | 004 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595432/2021

The following e-filed documents, listed by NYSCEF document number (Motion 004) 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108

were read on this motion to/for    ATTORNEY - DISQUALIFY/RELIEVE/SUBSTITUTE/WITHDRAW .

Upon the foregoing documents, there being no opposition[1] and good cause having been shown, Caner Demirayak, Esq.'s ("Movant") motion to be relieved as counsel for Plaintiff Nora Carmichael ("Plaintiff") is granted. Movant's request for a charging lien on any future settlement is also granted. The cross-motions of Defendant/Third-Party Defendant Buildinwood, LLC ("Buildinwood") and Defendant John Blahnik ("Blahnik") seeking an Order enforcing an alleged

---

[1] While Defendant John Blahnik filed an Affirmation titled "Affirmation in Support of Defendant Blahnik's Cross Motion and In Opposition to Plaintiff's Order to Show Cause," the Blahnik Affirmation makes no argument in opposition to Plaintiff's motion.

152936/2021  CARMICHAEL, NORA vs. HILLVIEW OWNERS CORP.
Motion No. 004

Page 1 of 5

stipulation of settlement and compelling Plaintiff to execute alleged agreements and releases provided by Defendants' counsel, are stayed pursuant to CPLR 321(c).

## I. Background and Procedural History

Plaintiff commenced this action on March 24, 2001 by filing a Summons and Complaint against Defendants Hillview Owners Corp., Midboro Management, LLC, Blahnik, Terri Thrash and Elite H. Renovation, LLC (NYSCEF Doc. 1). Subsequently, those defendants filed a Third-Party Summons and Complaint on May 11, 2021 against Buildinwood (NYSCEF Doc. 20). On June 22, 2021, Plaintiff filed an Amended Complaint naming Buildinwood as a direct defendant (NYSCEF Doc. 29).

Plaintiff's counsel brought the instant motion to be relieved as counsel on July 18, 2023, claiming a breakdown in the attorney-client relationship caused by "a difference of opinion as to the handling of this matter which cannot be reconciled" (NYSCEF Doc. 82 at ¶ 4). On September 22, 2023 Buildinwood filed a cross-motion for an Order enforcing an alleged stipulation of settlement (the "Stipulation of Settlement") (NYSCEF Doc. 87). Subsequently, Blahnik filed a cross-motion for an Order "enforcing the Stipulation of Settlement and compelling Plaintiff to execute the agreements and releases provided by defendants' counsels" (NYSCEF Doc. 99).

## II. Discussion

There being no opposition, and good cause having been shown, Movant's motion to be relieved as counsel for Plaintiff is granted. Movant's request for a charging lien on any future settlement is also granted.

### i. Movant's Motion for a Charging Lien is Granted

Pursuant to Judiciary Law 475, "a charging lien automatically comes into existence, without notice or filing, upon commencement of the action, and it measured by the reasonable

152936/2021 CARMICHAEL, NORA vs. HILLVIEW OWNERS CORP.
Motion No. 004

Page 2 of 5

2 of 5

value of the attorney's services in the action, unless fixed by agreement" (*Resnick v Resnick*, 24 AD3d 238, 239 [1st Dept 2005]). Further, the First Department has held that "[w]here an attorney's representation terminates and there has been no misconduct, no discharge for just cause and no unjustified abandonment by the attorney, the attorney's right to enforce the charging lien is preserved" (*Ramirez v Willow Ridge Country Club, Inc.*, 60 AD3d 406 [1st Dept 2009] quoting *Klein v Eubank*, 87 NY2d 459, 464 [1996]).

Here, there is no dispute that Movant was retained by Plaintiff to prosecute the present action, and there is no allegation in the record of any misconduct or abandonment on the part of Movant. As such, Movant has established its entitlement to a charging lien under Judiciary Law §475.

      ii.     Buildinwood and Blahnik's Cross-Motions are Stayed by Operation of CPLR 321(c)

The First Department has held that where an attorney's motion to withdraw as counsel is granted due to disagreements with their client over strategy, as is the case here, "further proceedings against plaintiff [are] stayed by operation of CPLR 321(c), until 30 days after notice to appoint another attorney [has] been served" (*Fan v Sabin*, 125 AD3d 498, 499-500 [1st Dept 2015]). As such, Buildinwood and Blahnik's cross-motions seeking an Order enforcing the Stipulation of Settlement and compelling Plaintiff to execute alleged agreements and releases provided by Defendants' counsel is stayed by operation of CPLR 321(c).

Accordingly, it is hereby,

ORDERED that Caner Demirayak, Esq.'s motion to be relieved as counsel for Plaintiff Nora Carmichael is granted; and it is further

ORDERED that Caner Demirayak, Esq. is granted a charging lien against the proceeds of any settlement in this action; and it is further

**152936/2021 CARMICHAEL, NORA vs. HILLVIEW OWNERS CORP.**
**Motion No. 004**

Page 3 of 5

ORDERED that this charging lien is preserved until such time as the Court, upon settlement or judgment, may hear and determine the reasonable value of Caner Demirayak, Esq.' services provided; and it is further

ORDERED that a hearing to determine the reasonable value of such services shall be held following such settlement or judgment; and it is further

ORDERED that no settlement or judgment shall be paid or disbursed until the amount of the charging lien is determined at said hearing; and it is further

ORDERED that Plaintiff Nora Carmichael must inform this Court, within 60 days from entry of this Decision and Order, via correspondence uploaded to NYSCEF and e-mail to SFC-Part33-Clerk@nycourts.gov, that she has retained new counsel or has decided to proceed *pro se*. Failure to abide by this Order may result in dismissal of Plaintiff Nora Carmichael's lawsuit for failure to prosecute; and it is further

ORDERED that the proceedings and discovery in this matter, as well as the cross-motions of Defendant/Third-Party Defendant Buildinwood, LLC and Defendant John Blahnik are stayed, pursuant to CPLR 321(c), until 30 days after Plaintiff's notice to appoint another attorney is served, or Plaintiff notifies the Court that she has decided to proceed *pro se*; and it is further

ORDERED that within 10 days of entry, Caner Demirayak, Esq. shall serve a copy of this Decision and Order upon all parties to this action, including Plaintiff Nora Carmichael, via first-class mail at their last known business or residential address; and it is further

*[The remainder of this page is intentionally left blank]*

152936/2021   CARMICHAEL, NORA vs. HILLVIEW OWNERS CORP.          Page 4 of 5
Motion No. 004

4 of 5

ORDERED that the parties in this case are directed to submit a proposed Status Conference Order to the Court on or before May 14, 2024 via e-mail to SFC-Part33-Clerk@nycourts.gov. If the parties are unable to agree to a proposed Status Conference Order, the parties are directed to appear for an in-person status conference with the Court on May 15, 2024 at 9:30 a.m. in 60 Centre Street, Room 442, New York, New York; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment accordingly.

This constitutes the Decision and Order of the Court.

| 3/11/2024 | | | | _Mary V Rosado JSC_ | |
|---|---|---|---|---|---|
| **DATE** | | | | **HON. MARY V. ROSADO, J.S.C.** | |
| CHECK ONE: | | CASE DISPOSED | | x | NON-FINAL DISPOSITION | |
| | | GRANTED | DENIED | x | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

152936/2021   CARMICHAEL, NORA vs. HILLVIEW OWNERS CORP.
Motion No. 004

Page 5 of 5

5 of 5