| **Cotton v Kiperman** |
|:---:|
| 2024 NY Slip Op 31435(U) |
| April 22, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 515660/2023 |
| Judge: Francois A. Rivera |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Term, Part 52 of
the Supreme Court of the
State of New York, held in
and for the County of
Kings, at the Courthouse,
at Civic Center, Brooklyn,
New York, on the 22nd day
of April 2024

HONORABLE FRANCOIS A. RIVERA

-------------------------------------------------------------------X
JOSEPH A. COTTON & THE ESTATE
OF ANGELINA A DITARANTO &
ADMINISTRATOR JOSEPH A. COTTON,

                                    Plaintiffs,

                    -against-

REGINA KIPERMAN, ESQ. and RK LAW P.C,

                                    Defendants.
-------------------------------------------------------------------X

**DECISION & ORDER**
Index No. 515660/2023

  Recitation in accordance with CPLR 2219(a) of the papers considered on the notice of motion, filed on November 20, 2023, under motion sequence number three, by Regina Kiperman, Esq. and RK Law P.C (hereinafter the defendants or movants) for an order pursuant to CPLR § 3211(a)(5), 3211(a)(7), and 3211(c) dismissing the complaint of Joseph A Cotton & The Estate of Angelina A. Ditaranto and Administrator Joseph A. Cotton (hereinafter the plaintiffs). The motion is opposed.

-Notice of motion
-Affirmation in support
  Exhibits A-C
-Memorandum of law in support
-Affidavit in opposition
  Exhibits A-B
-Affirmation in reply
  Exhibit 1-2
-Sur reply
  Exhibit 1

1

## BACKGROUND

On May 26, 2023, plaintiff, proceeding pro se, commenced the instant action by filing a summons, complaint, and annexed exhibits[1] with the Kings County Clerk's office (KCCO).

The complaint alleges the following salient facts, among other[2]. On March 17, 2021, plaintiffs retained the defendants, RK Law P.C. and Regina Kiperman as counsel for the purpose of assisting the plaintiffs with certain issues relating to the Estate of Angelina A. Ditaranto. Plaintiffs wanted the defendants to help amend the Letters of Administration by removing any limitations, reverse an illegal transfer of 5459 shares of AT&T stock by the former Voluntary Administrator Mary L. Banker held by Computershares Corp.; institute a turnover proceeding to recover dividends and interest collected by Mary L Banker over a 10-year period; recover certain assets held in HSBC Bank; and institute an action against TD Bank. Plaintiffs sought to sue TD Bank because it allowed the Medallion Stamp on the transfer documents of the 5459 shares of AT&T stock and that allowed for the transfer from the plaintiffs' Computershares Account into the name of Mary L. Banker.

Although the plaintiffs had advised the defendants that Keane Legal Claimant Services (hereinafter KLS) needed to be removed from the turnover as a defendant with Mary L Banker, the defendants kept including KLS on the turnover action. The defendants kept billing for the work of revising and reviewing their work on the same turnover document for approximately four months (March through August). The defendants still took another three months to get the turnover and evidence and documentation that plaintiff provided filed with the Court.

Part of the bills for the first four months listed above were adjusted only to have doubled for the next two months (June & July). For the next year Regina Kiperman and staff continued revising, reviewing, and modifying the same documents.

The plaintiffs constantly emailed and called reminding Regina Kiperman of these discrepancies only to be ignored for months. The defendants kept charging for the documents and revisions and the defendants did not remove KLS for almost a year.

The defendants overcharged for making phone calls. Defendant charged for a petition to amend letters of administration that plaintiff had been asking for, for over a year and a half. When it was completed, it was near the end of the case and no longer needed, but the defendants charged for it anyway.

The plaintiff wanted TD & HSBC Bank's to both be considered in the lawsuit with Computershares and Mary Banker. TD Bank illegally gave Mary Banker the Medallion

---

[1] The annexed exhibits were labeled A through H, I-1 through I-3, and J.

[2] The factual allegations of the complaint are stated as close as possible using the words chosen by the plaintiffs.

2

[* 2]

Stamp. That is why TD Bank had to represent Computershares under an Indemnity agreement. Adding to the problem Bruce Goodman, the attorney for TD Bank, wanted money from the Estate to pay for representation when it was a manager of the Bank that illegally gave the Medallion Stamp for an illegal transfer of the deceased assets that caused this action and the action that plaintiff has been working on since March 2017.

Prior to receiving Letters of Administration, plaintiff was informed by someone from HSBC Bank, that the decedent had several accounts. HSBC Bank held the decedent's safety deposit box. After plaintiff obtained letters of administration, plaintiff asked HSBC bank for information regarding all accounts it held in the name of the decedent or Mary Banker. HSBC told the plaintiff that they never had any accounts in the decedent's name. The defendants never made any inquiries of HSBC Bank.

Plaintiffs believe defendant Regina Kiperman shared confidential information with Ms. Wilson, Bruce Goodman and the Legal Department of Tyndall Federal Credit Union, plaintiff's personal bank.

On March 6, 2023, Hon. Bernard J Graham signed the Judicial Subpoena Duces Tecum for RK Law P.C. to appear on the 16th of March 2023 court date and bring and produce the specified evidence as proof of all allegations of the plaintiff. The affidavit of service was served on the 7th day of March 2023 at 7:39 PM at 40 Wall Street Suite 2508 New York NY 10005. The defendants did not comply with the court ordered subpoena.

Defendant Regina Kiperman threatened the plaintiff by reporting to the courts, Ms. Wilson, and Bruce Goodman things contained in emails and conversation with defendant and staff of RK Law P.C. On August 8, 2022, plaintiff received an email from the defendant stating the following:

"If you do not send $40,000 to be placed into my escrow account pursuant to the stipulation of settlement by the end of day today, I will advise Bruce Goodman and the Court that you are in breach of the agreement and will have no choice but to recommend your immediate suspension and removal as fiduciary. Be guided accordingly."

On an email issued on August 8, 2022, plaintiff proposed to the defendant a settlement of her payment of fees. Defendant insisted that she be paid immediately on the recovery of any assets of the Estate. The defendant refused any other arrangement.

Under the stipulation of agreement with Computershares, the attorney provided by TD Bank required an accounting, of plaintiff's actions as administrator. The defendant said the accounting is a whole different procedure, not associated with the stipulation or turnover order and would cost the plaintiffs another $20,000.00 to $24,000.00.

The order for turnover was signed by Judge Edmead on or around May 5, 2023 and the Letters were ready by May 9, 2022. At that time plaintiffs' attorney Regina Kiperman should have had Mary Banker served by overnight delivery with a signature

3

[* 3]

receipt and produced an affidavit of service. On May 26, 2022, plaintiffs sent Regina an email, asking whether Mary Banker had been successfully served. On May 26, 2022, Regina Kiperman replied that it was returned and needed to be resent. Plaintiffs replied, "Regina, I don't know what is going on, but I do know it doesn't take over 3 weeks to send overnight delivery." Plaintiff checked the court records and have so far not been able to locate an affidavit of service for an order of judgment against Mary Banker.

Mary Banker was found liable for approximately $140,000.00 in dividends and another $70,000.00 in interest if not returned to the estate within 10 days of receiving the court order.

On June 6, 2022, plaintiff received an email that only said Mary was served. Plaintiffs received an email from one of the staff members of defendants advising of an increase to the firm's hourly rate of work effective June 1, 2022.

On March 6, 2023, Hon. Bernard J Graham signed the judicial subpoena duces tecum for RK Law P.C. to appear on the court date of March 16, 2023, and to bring and to produce the specified evidence as proof of all allegations of the plaintiff and his defense during the fee conference. The affidavit of service was served on March 7, 2023 at 7:39 PM at 40 Wall Street, Suite 2508, New York, NY 10005. The defendant did not comply with the court ordered subpoena. By reason of the facts and circumstances stated above, The Estate of Angelina A. Ditaranto has been damaged by the defendants in the amount of $209,824.64 that was to be collected from Mary Banker had the Defendants properly served as set by the State of New York, completed their obligations as a competent attorney of the State of New York. Plaintiff Joseph A. Cotton claims damages for Emotional Distress in the amount of $200,000 and Defamation and/or Breach of Confidentiality in the amount of $500,000 or amount deemed appropriate together with any other relief the Court finds to be just and proper.

On November 20, 2023, the defendants filed the instant motion to dismiss the plaintiffs' complaint pursuant to CPLR 3211(a)(5) and CPLR 3211(a)(7) and 3211(c).

By order issued on February 26, 2024, the Court gave plaintiff Joseph Cotton until March 11, 2024, to file opposition to the instant motion and gave the defendants until March 25, 2024, to file a reply. The matter was adjourned to April 3, 2024, for a virtual appearance and oral argument.

## LAW AND APPLICATION

On a motion to dismiss pursuant to CPLR 3211(a)(7), as made by the defendants herein, "the court must accept the facts alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Benjamin v Yeroushalmi*, 212 AD3d 758, 760 [2d Dept 2023], quoting *Sokol v Leader*, 74 AD3d 1180, 1181 [2d Dept 2010]). "Where evidentiary materials are considered in support of a motion pursuant to CPLR

4

3211(a)(7), and the motion is not converted into one for summary judgment, the court must determine whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (*Recine v Recine*, 201 AD3d 827, 830 [2d Dept 2022], quoting *Agai v Liberty Mut. Agency Corp.*, 118 AD3d 830, 832 [2d Dept 2014]).

The defendants did not allege or contend that the plaintiffs have failed to plead a cognizable cause of action. Rather defendants' sole contention is that their evidentiary submission established that the plaintiffs do not have a cause of action because the causes of action asserted in the plaintiffs' complaint are barred by the doctrine of res judicata and collateral estoppel.

The documents submitted by the defendants in support of the motion were an affirmation of counsel, a memorandum of law in support, and three annexed exhibits labeled A through C. Exhibit A is a copy of the instant summons and complaint. Exhibit B is an affidavit of service of the summons and complaint upon the defendants. Exhibit C is a copy of decision and order of the Surrogate Court of the State of New York County of Kings bearing File No. 3010-3043/H on the matter entitled *Proceeding by Regina Kiperman, Esq., to Fix and Determine Compensation for Services Rendered in the Matter of the Estate of Angelina Ditaranto* (hereinafter the Surrogate order).

In response to the defendants' motion, the plaintiff submitted a document denominated as an affirmation in opposition[3] and three annexed exhibits labeled A through C. Exhibit A was a one-page document which appeared incomplete. Exhibit B contained several copies of a verified petition for turnover of estate assets, an order of Justice Carol R. Edmead dated May 5, 2023, a copy of the retainer agreement between the plaintiff and RK Law P.C., and a copy of a judicial subpoena duces tecum. Exhibit C was a document denominated as a verification by Joseph A. Cotton.

Plaintiff contends in sum and substance that defendants' motion for legal fees in Surrogate Court should not be a basis for application of res judicata or collateral estoppel. He argues that the Surrogate order was not a judgment. Plaintiff also claims, in sum and substance, that he did not have a full and fair opportunity to litigate his cause of action for defamation, the defendants' sharing of confidential information, and for infliction of emotional distress.

---

[3] The document contained Joseph A. Cotton's signature. The document did not reflect that it was taken under oath by someone authorized to administer oaths. Nor did Cotton affirm the truth of the statements contained therein pursuant to CPLR 2106. The document is therefore unsworn.

5

In reply to plaintiff's opposition papers, the defendant again submitted the Surrogate order and a copy of the Joseph A. Cotton's verified objection to Regina Kiperman's motion which yielded the Surrogate order.

The Surrogate order of Judge Graham established the following. Regina Kiperman, Esq. commenced a miscellaneous proceeding (hereinafter the miscellaneous proceeding) seeking a determination pursuant to SCPA § 2110, of legal fees, costs and disbursements incurred in connection with her representation on behalf of the Joseph A. Costello, the Administrator, since her retention on or about March 17, 2021, through July 2022. The Administrator objected to the attorney's fees requested. The parties consented to the issues being decided by the Court on their submissions.

Judge Graham found the following facts.

A review of petitioner's affirmation of legal services reveals that the firm reviewed the documents presented by the respondent and engaged with discussions with Computershare and counsel for Computershare. Thereafter, the firm filed the petition for turnover of assets and sought a restraining order against Computershare to prevent Computershare from transferring the assets to Mary in her individual capacity. Upon the signing of the order to show cause, the firm served the documents to the interested parties and then engaged in negotiations with Computershare, negotiations with TD Bank, attended multiple Court conferences, conducted conference calls with counsel, and conducted conference calls with respondent explaining the next steps in the matter, including the possibility of filing a judicial accounting.

In respondent's objections, respondent alleges "overbilling" and that the firm worked on the "same turnover document for approx. four months (March thru Aug) and still took another three months" to file the documents with the Court. However, the Firm's hours indicate that the Firm was drafting the petition on or about May 11, 2021, and the petition, along with the attorney affirmation and order to show cause, were filed with the Court on or about July 21, 2021. This was a complex petition, which included multiple unauthorized stock transfers and eight years of improper dividends collected going as far back as 2010, as well as contact with several corporations and their legal department. Therefore, the amount of time spent on drafting the petition seems eminently reasonable. The respondent also alleges that he hired the Firm to prepare, and file amended Letters of Administration to remove the $10,000 limitation on the Letters of Administration, and that the Firm apparently failed to do so. However, the Court's order dated May 05, 2022, removed the previous restriction on the Administrator's Letters and increased the sum to $200,000. Additionally, the respondent alleges that the petitioner shared confidential information; however, the respondent has provided scant

6

[* 6]

evidence of any wrongdoing. The rest of respondent's objections seems to focus on the interpersonal conflict between the respondent and petitioner as well as apparent miscommunication between the parties.

The Court has carefully reviewed the services performed which included drafting the petition for turnover of estate assets, extensive contact with attorneys and attending multiple court conferences. The petitioner's Firm was able to settle the matter by stipulation and the respondent collected over 5,549 shares of ATT stocks, 1,322 shares of Warner Brothers stock, and the unpaid dividend checks that Computershare had been accumulating. In addition, the Court order directed that Mary return misappropriated funds to the Estate, and if she failed to do so, judgment would be entered against Mary. The Court notes the complexity of this matter, with the Voluntary Letters of Administration initially being issued to Mary 2011 and multiple unauthorized transactions taking place since that time. It is notable that petitioner succeeded in turning over the misappropriated assets from Mary to the Estate and raising the limitation in the Letters from $10,000 to $200,000; this is primarily what the petitioner was hired to accomplish. It is therefore without question that petitioner's firm has ably represented the Administrator and increased the value of the Estate.

After consideration of the complex proceedings in the Estate, the nature of the services rendered, the reputation and experience of counsel, the supporting information set forth in the affirmation of legal services and having due regard for the factors relevant to the fixing of attorney's fees (See Matter of Freeman, supra), the Court fixes the fair and reasonable value of legal fees at $20,061.60. The Court directs that the fees be paid out of the Estate, or, if Respondent removed the assets of the Estate, that the fees be paid personally by Respondent.

The defendants claim that the application of res judicata and collateral estoppel bar the prosecution of the plaintiff's complaint is premised on the Surrogate order.

"Under the doctrine of res judicata, a final adjudication of a claim on the merits precludes relitigating of that claim and all claims arising out of the same transaction or series of transactions by a party or those in privity with a party" (*1155 Nobo Assoc., LLC v New York Hosp. Med. Ctr. of Queens*, 181 AD3d 937, 938 [2d Dept 2020], quoting *Djoganopoulos v Polkes*, 67 AD3d 726, 727 [2d Dept 2009]). "The rule applies not only to claims actually litigated but also to claims that could have been raised in the prior litigation" (*Matter of Hunter*, 4 NY3d 260, 269 [2005]).

Pursuant to this doctrine, a legal malpractice action generally will be barred by the defendant's "successful prosecution of a prior action to recover fees for the same legal services which the [plaintiff] presently allege[s] were negligently performed" (*York v*

7

[* 7]

*Landa*, 57 AD3d 980 [2d Dept 2008], citing *Pirog v Ingber*, 203 AD2d 348, 348-349 [2d Dept 1994]). "Under New York State law, a determination fixing a defendants' fees in a prior action brought by the defendant against the plaintiff for fees for the same legal services which the plaintiff alleges were negligently performed, necessarily determines that there was no legal malpractice" (*Breslin Realty Development Corp. v Shaw*, 72 AD3d 258, 263-64 [2d Dept 2010], citing *Blair v. Bartlett*, 75 NY 150, 154 [1878]).

The defendants' evidentiary submission establishes that the defendants' successful prosecuted the motion to recover fees for the same legal services which the plaintiffs allege were negligently performed (*York v Landa*, 57 AD3d 980, 981-82 [2d Dept 2008], citing *Pirog v Ingber*, 203 AD2d 348, 348-349 [2d Dept 1994]). It further establishes that the plaintiff's objection to the proceedings were submitted and considered by the Court in determining the motion. Furthermore, both the plaintiff and the defendant consented to the issues being decided by the Court on their submissions.

These facts taken together establish that the plaintiff had a full and fair opportunity to litigate the issues raised in plaintiff's objection to the miscellaneous proceeding and that the issues raised therein were necessarily decided by the Surrogate order.

CONCLUSION

The motion by defendants Regina Kiperman, Esq. and RK Law P.C for an order pursuant to CPLR § 3211 dismissing the complaint of Joseph A. Cotton & The Estate of Angelina A. Ditaranto and Administrator Joseph A. Cotton is granted. The causes of action asserted in the complaint are barred by application of the principal of res judicata and collateral estoppel.

The foregoing constitutes the decision and order of this Court.

ENTER:

_____
J.S.C.

**HON. FRANCOIS A. RIVERA**

8

[* 8]