**Matter of Sacco & Fillas, LLP v Kantaria Law, PLLC**

2025 NY Slip Op 33021(U)

August 4, 2025

Supreme Court, New York County

Docket Number: Index No. 652181/2025

Judge: Emily Morales-Minerva

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. EMILY MORALES-MINERVA**      PART      **42M**

*Justice*

-------------------------------------------------------------------X

IN THE MATTER OF THE APPLICATION OF SACCO & FILLAS, LLP,

|  |  |
|---|---|
| INDEX NO. | 652181/2025 |
| MOTION DATE | N/A |
| MOTION SEQ. NO. | 001 |

Petitioner,

- v -

KANTARIA LAW, PLLC,

**DECISION + ORDER ON MOTION**

Respondent.

-------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18

were read on this motion to/for            ATTORNEY - FEES          .

APPEARANCES:

    Sacco and Fillas LLP, Astoria, NY (Joseph Katz, Esq., of counsel), for petitioner.

    Kantaria Law, PLLC, New York, NY (Levan Kantaria, Esq., of counsel), for respondent.

EMILY MORALES-MINERVA, J.S.C.

In this action, petitioner SACCO & FILLAS, LLP moves, by order to show cause (mot. seq. no. 001), for orders (1) setting this matter down for a hearing to determine the appropriate division of legal fees pursuant to Judiciary Law § 475; and (2) awarding petitioner one hundred percent (100%) of attorneys' fees.

Respondent KANTARIA LAW, PLLC appears and submits opposition. For the reasons set forth below, the application is

granted, in part, to the extent that the court shall hold a hearing to determine the appropriate division of legal fees pursuant to Judiciary Law § 475, and is otherwise denied.

## BACKGROUND

On March 18, 2024, non-party Beta Kvernadze (Kvernadze) sustained serious injuries following a motor vehicle accident with non-party Adriana Darlin (see New York State Court Electronic Filing System [NYSCEF] Doc. No. 001, Petition). On or around that same day, Kvernadze contacted respondent KANTARIA LAW, PLLC (Kantaria Law) to discuss his potential personal injury claim (see NYSCEF Doc. No. 10, Affirmation in Opposition). On April 02, 2024, Kvernadze allegedly retained Kantaria Law, and agreed to pay Kantaria Law one-third of the recovery as compensation (see NYSCEF Doc. No. 11, Retainer Statement, dated April 02, 2024). The retainer statement was filed with the Office of Court Administration (see id.).

Thereafter, Kantaria Law interviewed Kvernadze; obtained insurance and registration information for Kvernadze's vehicle and the other vehicle involved in the accident; obtained and reviewed the police accident report; reported the claim to Kvernadze's insurance carrier (Traveler's Insurance); assisted Kvernadze in preparing and submitting the insurance application

652181/2025  IN THE MATTER OF THE APPLICATION OF SACCO & FILLAS, LLP, vs. KANTARIA  Page 2 of 10
LAW, PLLC
Motion No.  001

2 of 10

[* 2]

and notice of claim; wrote a letter to the insurance carrier of the driver of the other vehicle (Geico Insurance); and communicated with representatives of the insurance carrier and other third parties (see NYSCEF Doc. No. 10, Affirmation in Opposition).  Further, Kantaria Law assisted Kvernadze in scheduling an appointment with a physician who accepted no-fault insurance, and requested Kvernadze's medical records (see id.; see also NYSCEF Doc. No. 16, Letter of Representation to Geico, dated April 04, 2024).

Three months later, on June 11, 2024, Kvernadze discharged Kantaria Law, and retained petitioner SACCO & FILLAS, LLC (S&F) as his new counsel (see NYSCEF Doc. No. 003, Consent to Change Attorney and Discharge Letter, dated June 11, 2024).  S&F emailed a copy of the discharge letter to Kantaria Law (see NYSCEF Doc. No. 005, Email Correspondence between Kantaria Law and S&F, dated June 14, 2024, through June 18, 2024).  On June 18, 2024, Kantaria Law stated, in a letter to S&F:

> "We are in receipt of your Consent to Change Attorney dated June 11, 2024.  The itemized list of disbursements is as follows:
>
>> NF2 Application $299,00
>> Postage & Copies $22.25
>
> Kindly forward a check in the amount of $321.35 payable to [Kantaria Law] and we will furnish the entire file pertaining to this matter together with the executed consent to change attorney form.  Please be further advise[d] that, pursuant to Section

> 475 of the Judiciary Law, our law firm maintains a statutory [charging] lien against the proceeds of recovery of this matter. Upon conclusion on this matter, you are required to retain the proceeds of recovery pending an agreement between our firms or an order of the court"

(NYSCEF Doc. No. 13, Letter to S&F, dated June 18, 2024). S&F rejected the request to forward a check in the amount of $321.35, and contended that it was not a disbursement, but a fee to be paid upon resolution of the matter, if any (see NYSCEF Doc. No. 005, Email Correspondence between Kantaria Law and S&F, dated June 14, 2024, through June 18, 2024). S&F alleges that Kantaria Law did not respond to said correspondence or furnish Kvernadze's case file to S&F (see NYSCEF Doc. No. 001, Petition).

According to S&F, because Kantaria Law did not furnish Kvernadze's case file, S&F had to contact and set up all necessary claims with both insurers in the matter; obtain, review, and analyze all of Kvernadze's medical bills and records; and obtain and review all correspondence from Geico and Traveler's insurance (see id.). Thereafter, S&F allegedly entered into settlement negotiations, and on February 12, 2025 -- nine months after being retained -- S&F settled the matter in its entirety in favor of Kvernadze for $14,000.00 (see id.). The matter settled pre-litigation, and an action was never commenced in court (id.).

652181/2025  IN THE MATTER OF THE APPLICATION OF SACCO & FILLAS, LLP, vs. KANTARIA       Page 4 of 10
LAW, PLLC
Motion No. 001

4 of 10

[* 4]

Thereafter, S&F notified Kantaria Law of said resolution, and requested that, due to the lien on the attorney's fees, Kantaria Law "share [it's] assessment of the percentage you believe you are entitled to" (NYSCEF Doc. No. 14, Email Correspondence between S&F and Kantaria Law, dated February 24, 2025). Kantaria Law indicated that it "will accept 1/3 of legal fees, which is almost customary under the circumstances, to resolve the charging lien" (id.). S&F countered with an offer of 10% of the attorneys' fees, which was rejected by Kantaria Law (id.).

Now, S&F moves, by petition and order to show cause (seq. no. 001), for orders (1) setting this matter down for a hearing to determine the appropriate division of legal fees pursuant to Judiciary Law § 475; and (2) awarding S&F one hundred percent (100%) of attorneys' fees (see NYSCEF Doc. No. 001, Complaint, and Doc. No. 002 , Order to Show Cause, dated April 04, 2025). In support of its application, S&F argues that S&F is the sole attorney responsible for originating, prosecuting, and settling the matter in favor of Kvernadze (see NYSCEF Doc. No. 001, Petition and Affirmation in Support [alleging that "S&F prosecuted the entire matter from intake until we reached a favorable outcome for [Kvernadze]"). Because Kantaria Law did not perform any legal work, Kantaria Law should not be entitled to any portion of the attorneys' fees, and S&F is entitled to

652181/2025  IN THE MATTER OF THE APPLICATION OF SACCO & FILLAS, LLP, vs. KANTARIA          Page 5 of 10
LAW, PLLC
Motion No. 001

5 of 10

100% of the attorneys' fees (see id.). S&F requests a hearing to demonstrate its entitlement to the same (id.).

Kantaria Law opposes and requests that the court award eighty-five percent (85%) of the attorneys' fees to Kantaria Law (see NYSCEF Doc. No. 10, Affirmation in Opposition, dated May 26, 2025).[1] In support, Kantaria Law argues that S&F fails to provide a detailed account of the legal work, time, labor and expertise employed in handling Kvernadze's case; that the action was settled without court intervention; and that Kantaria Law performed all of the legal work on the action, except for securing the settlement (see id.).

ANALYSIS

Judiciary Law § 475 provides:

> "From the commencement of an action, special or other proceeding in any court or before any state, municipal or federal department, except a department of labor, or the service of an answer containing a counterclaim, or the initiation of any means of alternative dispute resolution including, but not limited to, mediation or arbitration, or the provision of services in a settlement negotiation at any stage of the dispute, the attorney who appears for a party has a lien upon his or her client's cause of action, claim or counterclaim, which attaches to a verdict, report, determination, decision, award, settlement, judgment or final order in his or her client's favor, and the

---

[1] The court will accept Kantaria Law's untimely opposition papers, since the papers were filed only two weeks beyond the deadline, and S&F do not demonstrate any prejudice (see Sanchez v Steele, 149 AD3d 458, 458 [1st Dept 2017]).

652181/2025 IN THE MATTER OF THE APPLICATION OF SACCO & FILLAS, LLP, vs. KANTARIA LAW, PLLC Page 6 of 10
Motion No. 001

6 of 10

[* 6]

proceeds thereof in whatever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment, final order or determination. The court upon the petition of the client or attorney may determine and enforce the lien."

(emphasis added).

"Initially, a charging lien, would automatically come into existence, without notice or filing, upon commencement of an action and was measured by the reasonable value of the attorney's services in the action, unless fixed by an agreement" Goldstein, Rikon, Rikon & Levi, LLC v 35 Delevan Owners P.C., 2023 NY Slip Op 34583 [U][Kings Cnty Sup Ct 2023][emphasis added], citing Judiciary Law § 475, and Resnick v Resnick, 24 AD3d 238 [1st Dept 2005]). However, in 2013, Judiciary Law § 475 was amended and broadened to include "the provision of services in a settlement negotiation at any stage of the dispute" (Judiciary Law § 475). Therefore, attorneys seeking to enforce a charging lien are entitled to do so for out-of-court settlements that were not formally commenced (id., see also Bonnaig v Walton, 41 Misc3d 375 [2013][Sup Ct NY Cnty 2013][discussing that "[t]he legislators referred to the amendment as an expansion of the existing law"]).

"Pursuant to Judiciary Law § 475, when an action is commenced, the attorney appearing for a party obtains a lien upon his or her client's causes of action . . . . This lien

attaches to any final order or settlement in the client's favor" (Tangredi v Warsop, 110 AD3d 788, 788 [2d Dept 2013]). Further, it is well-settled that "an attorney's participation in the proceeding at one point as counsel of record is a sufficient predicate for invoking the statute's protection" (Klein v Eubank, 87 NY2d 459, 462 [1996] [emphasis in original], citing Rodriguez v City of New York, 66 NY2d 825 [1985]). Similarly, well-settled, is "that attorneys who terminate their representation for just cause [as here] continue to be entitled to enforce their liens" (Klein, 87 NY2d at 462 [1996] [citations and emphasis omitted]; see also Tucker v Schwartzapfel Lawyers, P.C., 196 AD3d 527, 529 [2d Dept 2021]).

Where, as here, the outgoing attorney has elected to take a contingent percentage following a favorable settlement, "the contingent percentage fee is measured by quantum meruit, based on the discharged attorney's proportionate share of the work performed on the whole case, in addition to the amount of recovery" (Nabi v Sells, 70 AD3d 252, 254 [1st Dept 2009]). However, a hearing is required to determine the amount of the charging lien, if any (see generally Matter of Raff & Becker LLP v Kaiser Saurborn & Mair, P.C., 160 AD3d 479, 479 [1st Dept 2018] [reversing the denial of a petition to enforce a charging lien and remanding the matter for a hearing and determination of the reasonableness of counsel's claim for unpaid fees for legal

[* 8]

services rendered]; <u>see also</u> <u>Han Soo Lee v Riverhead Bay Motors</u>, 110 AD3d 436, 436-437 [1st Dept 2013][affirming lower court's decision which, after a hearing, apportioned less than 5% of the contingency fee to plaintiffs' outgoing attorneys, where outgoing attorneys represented plaintiffs' for six months; conducted preliminary investigative work; communicated with plaintiff's employer and treating physicians; obtained accident reports, medical records, and statement from an eyewitness to the accident; commenced action and prepared initial discovery demands; and expended 28 hours of work -- in contrast, incoming attorneys represented plaintiffs for seven and a half years, expended thousands of hours of work, and ultimately settled the action]).

Accordingly, it is hereby

ORDERED that petitioner SACCO AND FILLAS, LLP's motion, by order to show cause (seq. no. 001), is granted, in part, to the extent that the court will hold a hearing to determine the appropriate division of legal fees pursuant to Judiciary Law § 475; it is further

ORDERED that petitioner SACCO AND FILLAS, LLP's motion, by order to show cause (seq. no. 001), is otherwise denied; it is further

ORDERED that a hearing on the appropriate division of legal fees pursuant to Judiciary Law § 475 shall be held on October

652181/2025 IN THE MATTER OF THE APPLICATION OF SACCO & FILLAS, LLP, vs. KANTARIA LAW, PLLC
Motion No. 001

Page 9 of 10

15, 2025, at 11:30 A.M., in Courtroom 574, located at 111 Centre Street, New York County Supreme Court; and it is further

ORDERED that the Clerk of Court shall mark the file accordingly.

| | | |
|---|---|---|
| 4/04/2025 | | Emily Morales-Minerva |
| **DATE** | | **EMILY MORALES-MINERVA, J.S.C.** |

**CHECK ONE:**
- [ ] CASE DISPOSED
- [X] NON-FINAL DISPOSITION
- [ ] GRANTED
- [ ] DENIED
- [X] GRANTED IN PART
- [ ] OTHER

**APPLICATION:**
- [ ] SETTLE ORDER
- [ ] SUBMIT ORDER

**CHECK IF APPROPRIATE:**
- [ ] INCLUDES TRANSFER/REASSIGN
- [ ] FIDUCIARY APPOINTMENT
- [ ] REFERENCE

652181/2025   IN THE MATTER OF THE APPLICATION OF SACCO & FILLAS, LLP, vs. KANTARIA          Page 10 of 10
LAW, PLLC
Motion No. 001

10 of 10